# Bailey *v*. The State.

## *Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that the defendant and the deceased were both white men, and the evidence on the part of the State tended to show that the deceased was killed by a gun shot which was recklessly fired by the defendant into a crowd of negroes, and one of the witnesses for the State testified on cross-examination that the killing occurred on Saturday night at a negro party, the testimony of such witness on his rebuttal examination by the State, after having been cross-examined by the defendant, "That there was a negro gathering there [the place of the killing] that night," is relevant, material and admissible.

2. *Reasonable doubt; charge to the jury.*—In a criminal case, a charge which instructs the jury that if they "believe the defendant is guilty from the evidence to a moral certainty," they must convict the defendant, is free from error, and is properly given at the request of the State.

3. *Homicide; charge to the jury.*—On a trial under an indictment for murder, where there was evidence tending to show that the defendant recklessly fired a gun into a crowd of negroes, which resulted in the killing of the deceased who was standing near the negroes, a charge which instructs the jury that "Unless the jury are satisfied from the evidence beyond a reasonable doubt that the defendant fired· the gun with the intention to kill a human being, they can not find the defendant guilty of murder in the second degree," is erroneous and properly refused.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

The appellant in this case, William Bailey, was indicted and tried for murder in the second degree for the

killing of Joe Patton by shooting him with a gun, was convicted of murder in the second degree and sentenced to the penitentiary for twelve years. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

At the request of the solicitor the court gave to the jury the following written charge: "I charge you, gentlemen of the jury, if you believe the defendant is guilty from the evidence to a moral certainty you must convict the defendant." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give, among others, the following written charge requested by him: (2.) "That unless the jury are satisfied from the evidence beyond a reasonable doubt that the defendant fired the gun with intention to kill a human being, they cannot find the defendant guilty of murder in the second degree."

W. A. COLLIER and H. R. HARSH, for appellant, cited 1 Mayfield's Digest, 170; *Crawford v. State,* 112 Ala. 1; *Bob v. State,* 20 Ala. 20; *Tidwell v. State,* 70 Ala. 33; *Brown v. State,* 118 Ala. 111; *Smith v. State,* 92 Ala. 30; *Miller v. State,* 110 Ala. 87; *Munkers v. State,* 87 Ala. 94.

CHAS. G. BROWN, Attorney-General, for the State, cited *Jones v. State,* 100 Ala. 88; *Nutt v. State,* 63 Ala. 184.

DOWDELL, J.—Sam Glass, a witness for the State, testified on his direct examination, that the killing of the deceased occurred on a Saturday night at a negro party or dance. This witness, after being cross-examined by the defense, upon further examination in rebuttal by the State, was permitted to testify, against the objection of the defendant, "that there was a negro gathering there that night." It was competent to show in evidence all the facts and circumstances attending the killing. The facts, which the evidence on the part of the State tended to establish, rendered this evidence not only relevant but very material. The defendant and

deceased were both white men and friends, and the defense set up, was that the shooting was accidental. The evidence on the part of the State tended to show a reckless firing of the gun by the defendant into a crowd of negroes, which resulted in killing the deceased, who was standing near the negroes. The evidence also tended to show that the defendant had had a difficulty that night with one of the negroes, and at the time he fired the gun said "there would be a negro less here to-night." The court committed no error in the admission of the evidence.

In *Jones v. State*, 100 Ala. 88, it was said that the expressions "to a moral certainty," and "beyond a reasonable doubt" are legal equivalents. A written charge to the jury in a criminal case which predicates a conviction of the defendant, upon a belief to a moral certainty of his guilt, from the evidence, is the equivalent of one which predicates a conviction upon their belief beyond a reasonable doubt of defendant's guilt from the evidence. There was no error in the giving of the charge requested by the State.

Charge No. 2 requested by the defendant was properly refused. There was evidence tending to show reckless firing of the gun into a crowd of negroes—the perpetration of an act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, which under our statutes constitutes murder in the first degree, although there was no preconceived purpose to deprive any particular person of life. It was not necessary to constitute murder in the second degree, for which the defendant was on trial, that he should have the specific intention to kill, at the time he fired the gun.—*Nutt v. State*, 63 Ala. 184.

We find no error in the record, and the judgment is affirmed.