# Fowler *v.* The State.

*Larceny.*

(Decided Dec. 20, 1910.   54 South. 115.)

1. *Appeal and Error; Review; Continuance; Discretion.*—It is within the discretion of the trial court whether a criminal case shall be continued on account of an absent witness of the defendant or whether the state should be put to an admission of the showing made by defendant for such absent witness, as a condition to the trial being had, and not revisable unless abused.

2. *Continuance; Discretion; Evidence.*—The court may for the purpose of informing its discretion as to the granting of a continuance on account of an absent witness, take evidence as to the value of the testimony of such witness.

3. *Larceny; Corpus Delicti; Jury Questions.*—Where it appeared that an amount of money similar to that charged in the indictment had been lost and the evidence of the corpus delicti was circumstantial and several confessions of the defendant were introduced, the question of the defendant's guilt or innocence became one for the jury.

4. *Same; Evidence.*—Where the trial was for the larceny of $27.00 in money, it was competent to show that the defendant, after a conversation with the witness as to the money which had been lost, executed a note to pay back $22.00 of the money, as an admission in the nature of a confession.

5. *Same; Issue; Proof and Variance.*—Under the rule that on a trial for larceny evidence of the taking of a smaller or larger amount than that charged is admissible, it was competent to show that the defendant gave a note for $22.00 to pay back the money although the amount alleged to have been stolen was $27.00, over the objection that there was a variance.

6. *Same; Evidence.*—Where no attempt by the state was made to show that the defendant after the alleged larceny had been seen with or was known to have had money, the fact that the defendant had borrowed money or had been paid a sum of money was inadmissible.

7. *Same; Ownership; Death of Owner.*—The death of the owner of property stolen between the time of the larceny and the time of indictment does not operate as a condonation by the state of the offense, but defendant may be convicted under an indictment alleging ownership in the decedent.

8. *Evidence; Confessions; Weight.*—The weight of a confession of guilt is a question to be determined by the jury.

9. *Same; Admissibility.*—Whether or not an admission or confession is voluntarily made and consequently, admissible or inadmissible, is one for the court.

5—170

10. *Witnesses; Examination; Cross.*—The evidence of the particulars of the difficulty between the defendant and the witness is not admissible although the fact that there was a difficulty between the state's witness and the defendant is relevant as shedding light on the animus of the witness.

11. *Charge of Court; Argumentative Instructions.*—The court is not under any obligations to give charges which are argumentative.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Newton Fowler was convicted of larceny and he appeals. Affirmed.

MILLER & MILLER, for appellant. Counsel discuss the application for a continuance and conclude that under the facts in this case, a great abuse of discretion was disclosed. The court erred in admitting the conversation between the prosecuting witness and the defendant, and in admitting the note for $22.00. The court erred in refusing charge 1.—1 Mayf. 202. The 4th charge should have been given, as the owner of the money was dead, and the ownership should have been laid in the heirs or administratrix.

ALEXANDER M. GARBER, Attorney General for the State. The question of a continuance was within the discretion of the trial court and no abuse is shown.— *Walter v. The State,* 117 Ala. 108. The court could inform its discretion by taking evidence.—30 A. & E. Enc. of Law, 974; 1 Greenl., Sec. 370. Counsel discuss the assignments of error otherwise insisted on but without citation of authority.

SAYRE, J.—Whether the defendant should be given a continuance, or whether the state should be put to an admission of defendant's showing for the testimony of the absent witness as a condition upon which the trial was to be had presently, were matters within the

discretion of the trial court, not to be revised except for abuse, and the court had the right to inform that discretion by taking evidence as to the value of the testimony of the witness in any event. No abuse appears. No compulsory process was requested, and hence was not refused. There was no error in ruling the defendant to trial without his witness and without an admission of the offered showing.

The defendant was indicted for the larceny of $27, lawful money of the United States. The evidence went to show the loss of about the sum charged. The evidence of the corpus delicti was circumstantial, but on consideration of such evidence, along with several confessions shown, it was for the jury to assign to it the proper weight, and to say whether defendant's guilt had been established beyond a reasonable doubt.—*Ryan v. State,* 100 Ala. 94, 14 South. 868.

Evidence that the defendant, after a conversation with witness in reference to the money that had been lost, signed a note for $22 "to pay back the money" was competent as evidence of an incriminating admission in the nature of a confession. This evidence was not open to the objections taken to it which were that it constituted a "variance" from the offense charged in the indictment in that it related to a smaller sum, and that it was irrelevent. It related to the offense charged. In trials for larceny it has always been considered that evidence of the taking of a smaller or larger sum than that charged might be received, and the implied admission of guilt involved in giving the note, under the circumstances testified to by the state's witness, was evidence relevant to the charge. In connection with the evidence touching the execution of the note and its attendant circumstances, the state offered testimony which went to show that the giving of the note was the free

[Fowler v. The State.]

act of the defendant uninfluenced by hope of favor or fear of harm. The defendant seems to have at the time accepted that proof as sufficiently establishing the voluntary character of the act. At least he offered at the time no testimony contra, nor did he interpose objection on the ground that his inculpatory admission had been constrained: True, the defendant at a later stage of the trial challenged the weight of the circumstance so shown by testimony to the effect that it had been induced by threats, but he made no motion to exclude, nor did he in any other way invite the court to rule whether the evidence was incompetent for the reason now assigned. And in any event its admissibility was for the decision of the judge, subject to review here upon proper exception reserved. Its weight was for the jury, and that matter seems to have been submitted to them with an instruction which was perhaps unduly favorable to the defendant.

The state might have shown that subsequent to the larceny alleged defendant had money in quantity unusual for him, and in that event the defendant would have been permitted to explain his circumstances by showing that he got the money honestly. But the state offered no such proof. It did not attempt to prove that defendant was ever seen or known to have money after the commission of the offense alleged. In this state of the case, the fact that defendant had borrowed or been paid sums of money had no possible bearing on the issue presented to the jury by the indictment.

The fact that there had been a difficulty between the state's witness Byrd and the defendant would have been relevant as showing the animus of the witness, but the jury's attention ought not to have been drawn away from the issue at hand by looking to the particulars and merits of the difficulty. The defendant's question about

the difficulty at the mill asked for the particulars of that difficulty. The objection to it was properly sustained.

The defendant was not entitled to an acquittal because the owner of the money and the person in whom the indictment laid ownership had died between the time of the larceny and the indictment found. The indictment spoke as to the time of the offense. The death of the owner in the meantime did not operate as a condonation by the state of the defendant's offense.

Charges in respect to the weight to be given to the evidence of the incriminating admission involved in the giving of the note and its attendant circumstances were mere arguments, and were refused without error.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.