[Robinson v. The State.]

# Robinson *v*. The State.

*Keeping Gaming Table.*

(Decided May 15, 1913. Rehearing denied June 6, 1913.
62 South. 372.)

1. *Indictment and Information; Name of Accused; Middle Initial.*
—The omission of a middle initial in an indictment in the name of accused is not material.

2. *Same; Plea; Evidence Admissible.*—Where the indictment designated the defendant as Jim Robertson, alias Jim Robinson, whose name is to the grand jury otherwise unknown, it was a matter of evidence under the plea of not guilty that the grand jury had knowledge of facts as to his true name.

3. *Trial; Reception of Evidence; Motion to Strike.*—Where a defendant did not object to questions propounded to a witness, he will not be permitted to complain of responsive answers thereto, or allowed to speculate on the evidence, and then move to exclude it.

4. *Gaming; Table; Evidence.*—Where the evidence tended to show that the officers went into defendant's place of business which was full of men of both colors at the time, and found defendant at the end of a pool table which had been marked off as a crap table, and that he and others were shooting what was known as bank dice, or a bank crap game, it was sufficient to carry to the jury the question of his guilt of keeping a gaming table, and he was not entitled either to the general charge or to have the evidence excluded.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

James M. Robinson was convicted of keeping a gaming table, and he appeals. Affirmed.

The indictment charged that Jim Robertson, alias Jim Robinson, whose name to the grand jury is otherwise unknown, etc., kept, exhibited, or was interested in keeping or exhibiting a gaming table for gaming. The plea set up that his name was not Jim Robinson, and that he had always been known and called James M. Robinson, or Jim M. Robinson, but nothing else. The evidence tended to show that the officers went into the defendant's place of business and found the room full of

negroes and white men, and found defendant at the end of a pool table which was marked off as a crap table; and that defendant and others were shooting what was known as bank dice, or bank crap game.

SCOTT & ALDRIDGE, for appellant. The two pleas were good and the court erred in sustaining demurrers thereto.—*Jones v. State*, 63 Ala. 28; *Gerrish v. State*, 53 Ala. 476; *Winter v. State*, 90 Ala. 637. Counsel discuss the evidence and insist that it was not sufficient to warrant a conviction under section 6985, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant's plea of misnomer in effect admitted that the name by which the defendant was indicted was his true name, for it set up his true name to be "James Robinson and that he has always been known and called James M. Robinson or Jim M. Robinson," and the defendant was indicted under an alias dictus alleging his name to be Jim Robinson. Omission of the middle initial "M" was not material.— *Taylor v. State*, 100 Ala. 68, 14 South. 875; *Woods v. State*, 133 Ala. 162, 31 South. 984. If the grand jury returning the indictment had knowledge of facts as to the true name of the defendant, which was stated contra and as "otherwise unknown," this was a matter that could have been availed of by the defendant under the plea of not guilty, and no effort is shown to have been made on the trial to offer proof to establish such fact.

The objections made to the testimony of the state's witness Parker are shown not to have been made to the questions, but to the answers of the witness. The answers for anything appearing were responsive to ques-

tions propounded to the witness, and a party is not permitted thus to speculate on what the testimony will be, and then move to exclude it.—*Kramer v. Compton,* 166 Ala. 216, 52 South. 351; *Lewy Art Co. v. Agricola,* 169 Ala. 60, 53 South. 145; *A. C. C. & I. Co. v. Heald,* 168 Ala. 626, 53 South. 162.

There was sufficient evidence showing, or having a tendency to show, the guilt of the defendant of the offense charged to authorize a submission of that question to the jury, and the court properly refused to exclude the evidence on defendant's motion, and correctly declined to give the general charge requested by him.

We discover no error, and the judgment appealed from will be affirmed.

Affirmed.