# *Ex Parte* Shriner.

## *Mandamus.*

(Decided June 30, 1913.   63 South. 69.)

*Pleading; Motion to Strike; Mandamus.*—Where defendant filed a suggestion that it had been garnished for the same debt in another court, with the request that proceedings be suspended until the determination of the other action, and plaintiff moved to strike the suggestion on the idea that it was a plea in abatement and came too late, the court had authority to overrule the motion, as such suggestion was not a plea in abatement, and hence, mandamus will not lie to compel the court to sustain it.

ORIGINAL petition in the Supreme Court.

Petition by Ralph W. Shriner for mandamus directed to the judge of the circuit court of which Mobile County is a part, to compel the sustaining of a motion to strike. a certain pleading.   Writ denied.

FREDERICK G. BROMBERG, for appellant.   The suggestion was plainly in the nature of a plea in abatement. 1 Saunders Pleading, 20.   The proper course when a plea of abatement is pleaded with a plea in bar is to strike out on motion.—*Hart v. Turk,* 15 Ala. 675; *Holly v. Young,* 27 Ala. 203; *Thornton v. Moore,* 61 Ala. 347; *Hawkins v. Armour Packing Co.,* 105 Ala. 545.   Under Rule 12, Circuit Court Practice, the plea came too late, as it was filed after a plea in bar.   Attention is directed especially to the cases of *Foster v. Napier,* 73 Ala. 595; *Howell v. Howell,* 171 Ala. 502, and *Kaplan v. Coleman,* 60 South. 885.

HANAW & PILLANS, for appellee.   The suggestion complained of was in no sense a plea, but a mere request based on the suggestion of another suit pending

that the present cause be continued until determined in that court. There was no judgment in either court, and the suggestion was the proper method of reaching the trouble.—*Crawford v. Chute,* 7 Ala. 157; *Crawford v. Slade,* 9 Ala. 887; *Montgomery G. L. Co. v. Merrick,* 61 Ala. 539; *Roman v. Dimmick,* 123 Ala. 366. This being true, mandamus will not lie to compel action on the part of the trial court.

McCLELLAN, J.—Petition for mandamus to the judge of the circuit court of Mobile county. On March 11, 1913, Ralph W. Shriner instituted his action, stated in common counts, against Cooney Eckstein & Co., Inc. Summons was served on March 15, 1913. On March 31, 1913, a general appearance was entered by attorneys for the company. On May 14, 1913, the defendant filed pleas of the general issue.

The petition contains the "suggestion," filed by Cooney Eckstein & Co., Inc., to which we refer. It appears from the "suggestion," filed by the company in the circuit court in the cause of Ralph W. Shriner against the company, that prior to January 7, 1913, one Renner was given judgment in the law and equity court of Mobile against W. A. Shriner for $300; that in aid of the satisfaction thereof writ of garnishment was regularly issued and served upon the company, which answered on January 30, 1913, that it was due, or it had $210 which, it had been notified, Ralph W. Shriner claimed; that pursuant to the statute (Code, § 4328) Ralph W. Shriner was notified to come in and contest the right to the sum thus admittedly due from, or in the hands of, the garnishee; that said Ralph W. Shriner appeared in the law and equity court in accordance with the notice and propounded his claim to the said sum due from, or in the hands of, Cooney Eckstein & Co.; and

that the contest is still pending in the law and equity court. The company's request was that the circuit court suspend proceedings until the contest in the law and equity court should be determined, to the end that a double exaction of the company might be prevented.

The plaintiff moved the circuit court to strike the "suggestion" upon the idea and ground that the "suggestion" of the pendency of the proceeding in the law and equity court was a plea in abatement; was filed too late for such pleading; was filed after general appearance, which under the rules of that court imports the pleading of the general issue; was filed contemporaneously with or subsequent to pleading in bar.

The court overruled the motion. In effect, the prayer of this petition is that the circuit judge be compelled to sustain the motion to strike the "suggestion." Aside from all other considerations, the circuit court had ample, apt, and conclusive authority for its action in overruling the motion to strike. *Montgomery Gas Co. v. Merrick*, 61 Ala. 534; *Roman v. Dimmick*, 123 Ala. 366, 26 South. 214; *Crawford v. Slade*, 9 Ala. 887, 44 Am. Dec. 463. The cases of *Howell v. Howell*, 171 Ala. 502, 54 South. 601, and *Kaplan v. Coleman*, 180 Ala. 267, 60 South. 885, cited for petitioner, are without application to the status shown by the "suggestion."

The writ is denied.

DOWDELL, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.