[Roden v. The State.]

# Roden v. The State.

### Murder.

(Decided June 3, 1915.  69 South. 366.)

1. *Indictment and Information; Matters Included.*—An indictment which charges murder in the second degree embraces also the charges of manslaughter in both degrees.

2. *Homicide; Verdict.*—A verdict in the following language, "We, the jury, find the defendant guilty of manslaughter in the first degree, and we fix his punishment at seven years in the penitentiary," is sufficiently specific, and the words "as charged in the indictment" are non-essential.

3. *Trial; Reception of Evidence; Objection.*—Where no objection was made to the question calling for the answer, the court may properly refuse to exclude the answer.

4. *Witnesses; Bias; Cross.*—Although a witness for the state admitted his ill will towards defendant, and that he had a grievance justifying his ill will, it was not error to exclude a statement by the witness that he might have shot defendant if he had gotten back, since it was only a speculation as to what the witness might have done.

5. *Same; Impeachment.*—The feeling of a state witness toward defendant may be inquired about, and on cross-examination the defendant may bring out prior acts and declarations showing hostility, but may not go into the particulars of the transaction.

6. *Same.*—Where a witness testified that she did not like the defendant and had not liked him for a good while, and that she fell out with him about four months ago, a question to her, "What for?" was properly sustained as calling for particulars of the matters causing the ill will.

7. *Evidence; Expert; Opinion.*—The opinions of a medical expert are not admissible to show the position of the injured person at the time of the infliction of the wound.

8. *Homicide; Evidence.*—The position of the arm of defendant at the time a wound was inflicted on him is material, and the subject of proof by positive testimony of an eye witness to the killing, or by inference from physical fact, but may not be shown by the opinion of a medical expert.

9. *Trial; Objection to Evidence; Sufficiency.*—An objection to a question that it is illegal, inadmissible and incompetent, is a general objection, and does not raise the question of the inadmissibility of medical opinions, and it was not error to overrule it.

10. *Witnesses; Showing; Cross-Examination.*—Where a showing is made for an absent witness, presented to state's counsel, and admitted

as such, it becomes a court paper, and the state's counsel may use it on the cross-examination of the witness subsequently appearing.

11. *Same.*—In the absence of evidence that defendant practiced a fraud on the court in an attempt to further his defense by a false statement of fact to be used as evidence in his behalf, a showing made for an absent witness is not admissible in evidence where the witness subsequently appears.

12. *Homicide; Evidence; Threats.*—Where the difficulty between the defendant and deceased and his son occurred just after deceased and his son had left a church, the fact that defendant went to the church armed with a pistol, and threatened to kill deceased, was material to show intent at the moment of the killing.

13. *Witnesses; Impeachment; Character.*—Where defendant offers himself as a witness in his own behalf, the state may show his general bad character, and if defendant on cross-examination elicits the facts that his character was bad for being a rowdy, drinking, boot-legging, rough boy, and for fighting, shooting and raising a fuss, and always in trouble, he cannot have the evidence excluded.

14. *Trial; Argument of Counsel.*—Where the evidence for the state showed that defendant provoked the difficulty, and without justifica-tion shot deceased, and the testimony for defendant tended to show that he shot in self-defense, and that while at close range he fired the shot, and that the ball entered deceased's body and passed through it causing instant death, the argument of the state's counsel that it was a fixed fact that a bullet for a certain distance wobbles, and that decedent's clothes would have been set on fire, was not justified by the evidence, although a statement that there had never been a pistol made that would fire a shot through a human body when fired within close range, might be drawn from the evidence.

15. *Charge of Court; Argumentative.*—A charge asserting that the jury has the right to look at the interest, bias and kinship of any of state's witnesses with decedent, if any, is in form an argument and properly refused.

16. *Same; Effect of Evidence.*—The court is never required to give charges asserting that there is or is not evidence of certain facts in the case.

17. *Same; Argumentative.*—A charge which does not assert a prin-ciple of law, and is a mere argument may be refused without error.

18. *Homicide; Self-Defense; Elements.*—A defendant is not entitled to an acquittal of murder because of reasonable doubt as to the ele-ments of self-defense, unless such reasonable doubt exists after the jury has considered all the evidence; and while it may arise out of parts of the evidence, it must exist in the face of all the evidence.

19. *Charge of Court; Reasonable Doubt.*—A charge that where there is one single fact proven which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and if from such con-sideration of the evidence the jury have a reasonable doubt of his guilt, they must acquit, is properly refused.

20. *Same.*—A charge asserting that if any or all of the witnesses for the state have exhibited or admitted bias, prejudice, anger or ill will against defendant, or if from the evidence in this case the

[Roden v. The State.]

jury find such bias, prejudice, anger or ill will, and if these things, when considered in connection with all the other evidence in the case, create a reasonable doubt of defendant's guilt, he should be acquitted, is proper and its refusal error.

21. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

22. *Same; Argumentative.*—A charge asserting that the jury have a right to look at any conflict in the testimony of the state's witnesses, and to consider the manner in which they gave their testimony, and in the light of their interest in the verdict, is argumentative.

23. *Same; Ignoring Evidence.*—A charge that if the jury has a reasonable doubt of the guilt of defendant arising out of any part of the evidence, they must acquit, pretermits a consideration of all of the evidence, and may be properly refused.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Buck Roden was convicted of manslaughter, and he appeals. Reversed and remanded.

The facts sufficiently appear from the opinion. The following charges were refused to the defendant: "(A) You have a right to look at the interest, bias, kinship with the deceased, if any, of the state's witnesses.

"(B) There is evidence before you tending to show that the deceased did strike the defendant.

"(C) The evidence tends to show that the deceased did strike the defendant with knucks.

"(D) If the defendant was not going down the road for the purpose of bringing on a fight or difficulty or making an assault upon the Martins, or some of them, then his presence on the public road on the occasion in question.

"(E) The burden of proof on the defendant as self-defense, or the elements of self-defense, known as danger or peril, and want of reasonable mode of escape, only requires that he offer evidence enough on these two propositions to raise in your minds a reasonable doubt as to whether they were present.

"(F)   If there is one single fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and if from such consideration of the evidence, the jury have a reasonable doubt of the defendant's guilt, they should acquit."

"(H)   If any or all of the witnesses for the state have exhibited or admitted bias, prejudice, anger, or ill will against the defendant, or from all the evidence in the case you find such bias, prejudice, anger, or ill will on the part of all or any of the state's witnesses, and if these things, when considered by you in connec· tion with all of the other evidence in the case, create in your minds a reasonable doubt of defendant's guilt, you should acquit.

"(I)   You have a right to look at the conflict, if any exists in the testimony of the state's witnesses, and to consider the manner in which they gave their testimony, and in the light of the interest they have in a verdict in this case.

"(J)   If you have a reasonable doubt of the guilt of the defendant, arising out of any part of the testimony, you should acquit."

JOHN A. LUSK & SONS, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—(1)   The indictment contains but a single count, charging the offense of murder in the second degree and embracing the charge of manslaughter in both degrees.—*Stoball v. State,* 116 Ala. 454, 23 South. 162.

(2)   The form of the verdict returned by the jury was:

"We, the jury, find the defendant guilty of manslaughter in the first degree, and fix his punishment at seven years in the penitentiary."

This verdict was sufficiently specific and in proper form, and the words interlined in the verdict by the trial judge by consent of the defendant may be treated as surplusage. The verdict must be referred to the indictment, and the words "as charged in the indictment" are nonessential.—*McDonald v. State,* 118 Ala. 672, 23 South. 637; *Washington v. State,* 117 Ala. 30, 23 South. 697; *Watkins v. State,* 133 Ala. 88, 32 South. 637; *Durrett v. State,* 133 Ala. 119, 32 South. 234.

(3, 4)   The court, without violating any rule of evidence or practice, could have overruled the motion of the solicitor to exclude the statement made by the witness Frank Martin on cross-examination in response to questions asked by the defendant's counsel, to wit, "I might have shot him if I had got back down there," for the reason that no objection was made to the question calling for the statement.—*Dowling v. State,* 151 Ala. 131, 44 South. 403. However, it was not error for the court to exclude the statement, which was nothing more than the speculation of the witness at the time he was testifying as to what he might have done if different conditions had existed at the time of the difficulty, and was wholly immaterial. The witness admitted that his feelings toward the defendant were not good, and stated that he had a grievance that justified his ill will towards the defendant. The state of feelings of a witness for the prosecution towards the defendant is a legitimate subject of inquiry, and it is permissible, on cross-examination, to bring out the previous acts and declarations

tending to show hostility.—*McHugh v. State,* 79 Ala. 43; *Fincher v. State,* 58 Ala. 215. But it is not permissible for the witness to state matters of speculation as to what might have occurred under different conditions, or if certain things had transpired, for the purpose of showing bias. Mere speculation, like emotions and passions, is not a physical entity that is susceptible of proof as such.—*Carney v. State,* 79 Ala. 14; *Thornton v. State,* 113 Ala. 47, 21 South. 356, 59 Am. St. Rep. 97.

(5) While it is permissible to show ill will of a witness toward the accused, it is not permissible to go into the particulars of the transaction causing such hostile feeling. The only fact that is material in this respect is the state of feeling of the witnesses toward the accused, and whether or not his testimony is biased thereby, and the cause engendering the hostile feeling, or whether there is any basis for such hostility, is wholly immaterial.

(6) While a question eliciting testimony as to the state of feelings of the witness towards the accused is not objectionable because it refers to some particular transaction, such as the question held proper in *Sanford v. State,* 143 Ala. 83, 39 South. 370, "Is it not a fact that you and Sanford are unfriendly on account of a whisky bill that you owe?" it is not permissible to inquire into the particulars of the transaction, and questions not embodying an inquiry as to the state of feelings of the witness are improper.—*Moore v. State,* 10 Ala. App. 179, 64 South. 520. Therefore the court did not err in sustaining the objection of the solicitor to the question. "What about?" asked the witness Hattie Sims, after she had testified, "I don't like the defendant and have not for a good while. I fell out with him about four months ago."

[Roden v. The State.]

(7-9) As held in *Rigell v. State*, 8 Ala. App. 55, 62 South. 977, the opinions or conclusions of a medical expert are not permissible to show the position of the injured person at the time the wound was inflicted.—*McKee v. State*, 82 Ala. 37, 2 South. 451. Yet the position of the defendant's arm at the time the wound was inflicted on him was a pertinent and material fact and the subject of proof by the positive testimony of an eyewitness, or by inference from physical facts, which it was the province of the jury to draw, and, if the objection that the question propounded to Dr. Thomason as to the position of the defendant's arm at the time the wound was inflicted called for a conclusion or opinion of the witness had been urged, it would have been the defendant's right to have it sustained; but the objection assigned that the question calls for illegal, inadmissible, and incompetent evidence is a general objection, and does not present the question, and the court did not err in overruling the objection.—*Reid v. State*, 168 Ala. 123, 53 South. 254; *Johnston v. Johnston*, 174 Ala. 225, 57 South. 450; *Coghill v. Kennedy*, 119 Ala. 641, 24 South. 459; *Steiner v. Tranum*, 98 Ala. 315, 13 South. 365.

(10, 11) The showing made for the absent witness, when it was presented to the solicitor and admitted by him as a showing, became a court paper, and the solicitor had a right to use it in conducting the cross-examination of the witness for whom the showing was made. The showing itself, in the absence of evidence that the defendant had practiced a fraud upon the court in an attempt to further his defense by a false statement of facts to be used as evidence in his behalf, was not admissible in evidence.—*Brown v. State*, 142 Ala. 293, 38 South. 268. The contents of the showing were not dis-

closed to the jury, and for all this record shows, what was set out in the showing was not in conflict with the testimony given by the witness, and we discover nothing improper or prejudicial to the defendant's rights in the ruling of the court on this matter.

(12) The deceased and his son attended church services at "Baker's Chapel," and the difficulty between the deceased and his son and the defendant occurred just after they left the church, and the fact that the defendant went to the church armed with the pistol that he used in accomplishing the death of the deceased, in connection with the threat, "I am going to kill the last God damn Martin along the road," was material on the question of his intent at the moment of using the weapon.—*Langham v. State, infra,* 68 South. 504; *Henson v. State,* 114 Ala. 28, 22 South. 127.

(13) After a defendant has testified as a witness in his behalf, the state has a right to offer testimony showing his general bad character, for the purpose of impeaching his credibility.—*McConnell v. State, infra,* 69 South. 333; *Byers v. State,* 105 Ala. 31, 16 South. 716; *Cox v. State,* 162 Ala. 66, 50 South. 398; *Sweatt v. State,* 156 Ala. 85, 47 South. 194. The fact that the defendant, on cross-examination of these witnesses, elicited testimony, showing that the defendant's character was bad for being "a rowdy," "drinking," "bootlegging,'" "a rough boy," "being drunk a good deal," and "for fighting, shooting, and raising fuss and always in trouble," did not entitle the defendant to have the evidence of defendant's "general bad character" excluded, or to have the evidence of the witnesses given in response to the defendant's cross-examination excluded.

(14) The evidence on the part of the state tended to show that the defendant provoked the difficulty by

[Roden v. The State.]

engaging in an angry scuffle with Frank Martin, and without justification shot the elder Martin just as he turned towards the defendant and Frank, while that offered by the defendant tended to show that he was attacked by the Martins, and after the deceased had knocked defendant down, and Lon Martin had shot the defendant, severely wounding him, the elder Martin approached the defendant in a threatening manner and while at close range defendant shot him, the ball entering deceased's body 3 inches above, and $2\frac{1}{2}$ inches to the right of, the left nipple, passing through the body and making its exit on the right side at the inner border of the shoulder blade, ranging slightly downward, and causing his death instantly. Among other statements made by the prosecuting attorney in his argument to the jury were: (1) "There never has been a pistol made, and never will be a pistol made, that would go through a human body, fired within so close a range of a human body, as the testimony of the defendant indicates that this pistol was fired into that man;" and (2) "because it is a physical fact that the bullet for a certain time wabbles;" and (3) "in the next place, his clothes would have been set on fire."

The defendant objected to each of these statements separately, and asked the court to exclude them and instruct the jury to disregard them. While it is possible to pronounce the first assertion as a mere conclusion of the solicitor which he had a right to draw from the evidence, yet the other statements marked (2) and (3) come clearly within the rule prohibiting the statement of facts not shown in evidence, and there was no evidence offered as to those facts so stated by the solicitor. The court should have arrested this argument and excluded these statements,

and the refusal to do so constitutes reversible error, as has been repeatedly held.—*Dunmore v. State,* 115 Ala. 69, 22 South. 541; *Cross v. State,* 68 Ala. 476; *Langham v. State,* 12 Ala. App. 46, 68 South. 594; *Simon v. State,* 181 Ala. 90, 61 South. 801. The other statements made in argument to which objections were made by defendant and overruled by the court were within the bounds of legitimate argument, and the rulings of the court in this respect were correct.

(15) Charge A is in the form of an argument, and was properly refused for that reason. Furthermore, this charge is fully covered by charge 17, given at defendant's request.

(16) The court is not required to instruct the jury that there is or is not evidence of any certain fact in the case, and may refuse charges embodying such instructions. Charges B and C are of this class, and were properly refused.—*New Connellsville Co. v. Kilgore,* 162 Ala. 644, 50 South. 205; *Troup v. State,* 160 Ala. 125, 49 South. 332.

(17) Charge D is incomplete, and does not assert a principle of law, and besides is in form an argument, and was well refused.—*Turner v. State,* 160 Ala. 40, 49 South. 828; *Humphries v. State,* 2 Ala. App. 12, 56 South. 72; *Bone v. State,* 8 Ala. App. 59, 62 South. 455.

(18) Charge E was well refused. Besides being involved the proposition stated is not sound. Before the defendant is entitled to an acquittal because of a reasonable doubt as to the elements of self-defense, the reasonable doubt must exist after the jury have considered all the evidence; and, while it may arise out of a part of the evidence, it must exist in the face of all the evidence.

(19) Charge F has been condemned.—*Ex parte Davis,* 184 Ala. 33, 63 South. 1010.

[Terry v. The State.]

(20) The proposition asserted by charge G, refused to defendant, is covered by charge 17, given at his instance.

(21) Charge H, refused to the defendant, asserts a correct proposition of law, and the error committed in its refusal was not cured by any other given charge; therefore its refusal was reversible error.—*Davidson v. State,* 167 Ala. 68, 52 Sopth. 751, 140 Am. St. Rep. 17.

(22) Refused charge I is argumentative.

(23) Refused charge J pretermits a consideration of all the evidence, and was properly refused.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.