(76 South. 469)

MALONE v. STATE. (8 Div. 451.)

(Court of Appeals of Alabama. June 26, 1917.)

1. CRIMINAL LAW ⬅1120(3)—APPEAL—RESERVATION OF GROUNDS OF REVIEW—OBJECTION TO EVIDENCE—RULE OF COURT.
   In a prosecution for burglary, where defendant's counsel asked a witness a question on cross-examination, the solicitor objecting, and the court sustained the objection, there being no showing made as to what the witness would have answered, the court's action was not reversible error. Under Supreme Court rule No. 45 (61 South. ix[1]), defendant may not complain of the sustaining of an objection to a question asked a witness, without showing what the witness would have testified to.

2. WITNESSES ⬅280—EXAMINATION—EMBARRASSING AND HUMILIATING QUESTION.
   The court should not allow counsel to browbeat a witness, or to insult him in the asking of a question, as by asking a witness, "Do you tell the jury you swore a lie then or now; which is true?" a question that could only have been intended to embarrass and humiliate the witness.

3. CRIMINAL LAW ⬅696(5)—TRIAL—FAILURE TO OBJECT TO QUESTION.
   Where defendant failed to object to a question asked a witness until the question had been answered, he was not entitled to have the answer stricken on motion, since he cannot speculate on what a witness will say.

4. CRIMINAL LAW ⬅695(2)—GENERAL OBJECTION TO QUESTION.
   General objection to a question asked a witness was properly overruled.

5. CRIMINAL LAW ⬅1170½(3) — APPEAL — HARMLESS ERROR.
   Where a question propounded to a witness was not answered, the overruling of defendant's objection thereto was harmless.

6. BURGLARY ⬅31—EVIDENCE—IMMATERIALITY—"IRRELEVANCY."
   In a prosecution for burglary, testimony of a police officer as to whether or not there was an attempt being made to arrest some one for breaking into a store was inadmissible, as immaterial; evidence being irrelevant where it has no tendency to prove or disprove any issue involved.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Irrelevancy.]

7. CRIMINAL LAW ⬅1088(18) — APPEAL — QUESTIONS REVIEWABLE—CHARGES NOT IN RECORD PROPER.
   On appeal from a conviction of burglary, charges appearing only in the bill of exceptions, and not in the record proper, as required by law, are not reviewable.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Burney Malone was convicted of burglary, and he appeals. Affirmed.

See, also, post, p. 689, 74 South. 1007.

Jackson & Deloney, of Tuscumbia, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] On cross-examination of Winnie Garth, the defendant's counsel asked her this question: "You thought they were going to arrest you, and you came here and told." The solicitor objected to the question, the court sustained the objection, and the defendant excepted. This action of the court did not constitute reversible error, as there was no showing made as to what the witness would have answered. Under Supreme Court rule No. 45 (61 South. ix[1]), the defendant may not complain of the sustaining of an objection to a question asked a witness, without showing what the witness would have testified to. Bone v. State, 13 Ala. App. 5, 68 South. 702.

[2] The same is true with regard to the question asked by defendant's counsel of the witness Sam Greenhill, when the witness was asked, "Do you tell the jury you swore a lie then or now; which is true?" However, this question is improper for the further reason that the court should not allow counsel to browbeat a witness or to insult him in the asking of a question. The asking of the question above quoted to a witness could only be intended to embarrass and humiliate the witness, and no such latitude should be permitted by the court. Witnesses who are being examined upon trial of causes in the court are under the protection of the court, and cannot protect themselves against the questioning attorney.

[3, 4] The objection to the testimony of the witness Will Ricks came too late; the question having already been answered when the objection was interposed. Having omitted to object to a question asked a witness, defendant is not entitled to have the answer stricken on motion. Sanders v. State, 181 Ala. 35, 61 South. 336. The defendant cannot speculate on what a witness will say, and, when unfavorable, object and have the answer excluded. Robinson v. State, 8 Ala. App. 435, 62 South. 372; Humphries v. State, 2 Ala. App. 1, 56 South. 72. Besides, the objection was general, and was therefore properly overruled. Roden v. State, 13 Ala. App. 105, 69 South. 366; Reid v. State, 168 Ala. 123, 53 South. 254.

[5] There was no error in overruling defendant's objections to the question propounded to the witness Ed Highfield with reference to his having found some socks in the defendant's house when it was being searched for the stolen goods. The ques-

tion was not answered. Error in overruling defendant's objection to a question asked plaintiff's witness is harmless, for the question was never answered. Corry v. Sylviay Cia, 192 Ala. 550, 68 South. 891; Morrison v. State, 155 Ala. 115, 46 South. 646.

[6] The question by the defendant's counsel to the witness Ed Highfield, who was being examined as a witness for the state and who was a police officer, as to whether or not there was an attempt being made to arrest some one for breaking into Kizer's store, sought to elicit immaterial evidence. Objection to this question was properly sustained. Evidence is not relevant, where it has no tendency to prove or disprove any issue involved in the trial. Powell v. State, 5 Ala. App. 75, 59 South. 530. Whether or not the officers of the law were faithfully discharging their duty shed no light on any issue involved in the trial of this defendant on a charge of burglary. Irrelevant evidence is properly excluded in a prosecution for crime. Hammock v. State, 8 Ala. App. 367, 62 South. 322.

[7] There are two refused charges which appear in the bill of exceptions; but as these charges appear only in the bill of exceptions, and not in the record proper, as required by law, they are not reviewable, as this court is without authority to consider them. Carter v. State (4 Div. 474), ante, p. 184, 76 South. 468; Pilcher v. State, post, p. 237, 77 South. 75; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

We find no error in the record, and the judgment is affirmed.

Affirmed.