(84 South. 871)

CASTONA v. STATE. (1 Div. 341.)

(Court of Appeals of Alabama. April 20, 1920.)

1. CRIMINAL LAW ☞594(1) — CONTINUANCE FOR ABSENT WITNESS DISCRETIONARY WITH COURT.

The matter of granting a continuance in a criminal case for absence of witness lies within the discretion of the trial court.

2. CRIMINAL LAW ☞603(7) — REFUSAL OF CONTINUANCE IN ABSENCE OF SHOWING OF TESTIMONY OF ABSENT WITNESS NOT ERROR.

The refusal to grant a continuance for absence 'of witness in absence of showing as to what the witness would testify held not error.

3. HOMICIDE ☞197 — WHERE DEFENDANT LIVED, ADMISSIBLE IN PROSECUTION FOR ASSAULT TO MURDER.

In prosecution for assault with intent to murder, evidence as to where defendant was living was proper, as showing that defendant was not defending his home from attack of one who was unlawfully attempting to enter.

4. CRIMINAL LAW ☞695(2) — GENERAL OBJECTIONS TO EVIDENCE UNAVAILING.

General objections to the admission of evidence are unavailing, unless the evidence is patently incompetent.

5. HOMICIDE ☞170—WHETHER PROSECUTING WITNESS SAW DEFENDANT APPROACH HOUSE HELD ADMISSIBLE,

In a prosecution for assault with intent to murder, testimony of assaulted party as to whether he saw defendant when he approached the house held admissible for purpose of identifying defendant as the person who fired the shots, and for purpose of showing that he was present at the scene of the crime.

6. HOMICIDE ☞169(1) — ATTEMPT TO PERSUADE DEFENDANT'S WIFE TO POISON DEFENDANT HELD INADMISSIBLE IN PROSECUTION FOR ASSAULT TO MURDER.

In a prosecution for assault with intent to murder, where there was no evidence of self-defense, objections to the questions propounded to the assaulted party with reference to his having attempted to persuade the wife of the defendant to place poison in defendant's food held properly sustained.

7. CRIMINAL LAW ☞670—EXCLUSION OF ANSWER TO QUESTION NOT ERROR, IN ABSENCE OF SHOWING OF ANSWER EXPECTED.

Refusal to permit question to be answered was not error, where the answer expected was not divulged to the court.

8. HOMICIDE ☞339—EXCLUSION OF TESTIMONY HELD CURED BY SUBSEQUENT TESTIMONY OF WITNESS.

In prosecution for assault with intent to murder, refusal to permit assaulted person to testify as to whether he had threatened defendant's life, if error, was cured by subsequently allowing defendant to inquire into the matter while the witness was still on the stand,

and by testimony of such witness that he had not threatened defendant's life.

9. WITNESSES ☞270(2) — EVIDENCE AS TO PUGNACIOUS CHARACTER OF WITNESS IRRELEVANT.

Court did not err in sustaining objection to question, "You are willing to take a fall out of most anybody here that is ready to try you?" such testimony being clearly irrelevant to any issue in the case.

10. CRIMINAL LAW ☞1170(2)—EXCLUSION OF TESTIMONY HELD HARMLESS IN VIEW OF OTHER TESTIMONY GIVEN.

In prosecution for assault with intent to murder, refusal to permit a witness to testify as to whether a certain person was present at the time of the shooting was not reversible error, where such person was called as a witness for the defense, and testified that she was present at the time of the shooting.

11. CRIMINAL LAW ☞693—DEFENDANT MUST OBJECT TO QUESTION BEFORE IT IS ANSWERED.

Objection after witness has answered question comes too late, as the defendant cannot speculate on what a witness will say, and, when unfavorable, object and have the answer excluded.

12. HOMICIDE ☞158(1) — TESTIMONY AS TO PRIOR THREATS BY DEFENDANT ADMISSIBLE.

In prosecution for assault with intent to murder, assaulted party's testimony regarding threats made against him by the defendant prior to the commission of the offense held admissible.

13. CRIMINAL LAW ☞364(1)—DIRECTION OF BULLETS FIRED BY DEFENDANT HELD RES GESTÆ.

In prosecution for assault with intent to murder, testimony as to the direction taken by the bullets fired by the defendant, and where they struck, held admissible as part of the res gestæ.

14. HOMICIDE ☞166(6)—DEFENDANT'S LIVING WITH WOMAN OTHER THAN WIFE ADMISSIBLE TO SHOW MOTIVE.

In prosecution for assault with intent to murder, where there was evidence showing that the trouble between defendant and prosecuting witness had arisen over the fact that the witness had accused defendant of deserting his wife and living with another woman, and that the witness had threatened defendant with violence if he did not return, testimony by defendant's daughter that she and defendant lived with such other woman held admissible to show motive.

15. WITNESSES ☞245—REFUSAL TO PERMIT WITNESS TO TESTIFY TO UNDISPUTED FACT ALREADY IN EVIDENCE NOT ERROR.

Refusal to permit witness to answer certain question was not error, where the question merely called for the repetition of an undisputed fact, which had already been put in evidence.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16. CRIMINAL LAW ⊙➾396(1)—ADMISSION OF ILLEGAL EVIDENCE TO REBUT ILLEGAL EVIDENCE NOT REVERSIBLE ERROR.

There was no error in asking defendant, accused of assault to murder, whether he had paid bills contracted when his wife was in the hospital, since, if illegal, it was merely to rebut other illegal evidence.

17. WITNESSES ⊙➾262—RE-EXAMINATION OF WITNESS IN REBUTTAL DISCRETIONARY WITH COURT.

It is within the discretion of the court to permit the re-examination of a witness in rebuttal over the objection of the defendant.

18. CRIMINAL LAW ⊙➾829(1) — REFUSAL OF CHARGE COVERED NOT ERROR.

The refusal of a requested charge, fully covered by charges given, held not error.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

John H. Castona was convicted of an assault with intent to murder one Otto Delius, and he appeals. Affirmed.

The facts and the exceptions to evidence sufficiently appear from the opinion of the court.

C. W. Tompkins, of Mobile, for appellant.

Counsel discusses assignment of error relative to evidence, but without citation of authority. Charge 4 should have been given. 86 Ala. 16, 5 South. 651.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Requiring a showing for an absent witness rests in the discretion of a trial court. 181 Ala. 35, 61 South. 336; 57 South. 127; 168 Ala. 109, 53 South. 109. The court committed no error in the admission or exclusion of evidence. 23 Ala. 28; 116 Ala. 468, 23 South. 135; 68 Ala. 469; 8 Michie, Dig. 257; 141 Ala. 45, 37 South. 352; 147 Ala. 125, 41 South. 875; 155 Ala. App. 541, 79 South. 677; ante, p. 155, 82 South. 645. The court did not err in refusing the charges. 82 South. 628.

MERRITT, J. The defendant was indicted for the offense of assault with intent to murder, was convicted and sentenced to three years' imprisonment in the penitentiary.

The only questions reserved for review by this court are upon the action of the court in requiring the defendant to make a showing as to what an absent witness, for whom an attachment was issued, would testify, and 34 exceptions to the admission and exclusion of evidence.

[1, 2] The matter of granting a continuance in a criminal case on account of the absence of a witness lies within the discretion of the trial court. Sanderson v. State, 168 Ala. 109, 53 South. 109; Gilbert v. State, 2 Ala. App. 94, 57 South. 127. And it was not error for the court to require the defendant to make a showing as to what the absent witness would testify. Fowler v. State, 170 Ala. 65, 54 South. 115.

[3] The answers to the questions as to where defendant was living were proper as showing that the defendant was not defending his home from the attack of one who was unlawfully attempting to enter. It was therefore proper to show that he was living at some other place than that at which the assault occurred. Lee v. State, 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17.

[4, 5] The defendant assigned only general grounds of objection to the question to the assaulted party as to whether he saw the defendant when he approached the house. General objections to the admission of evidence are unavailing, unless the evidence is patently incompetent. Malone v. State, 16 Ala. App. 185, 76 South. 469; Roden v. State, 13 Ala. App. 105, 69 South. 366; Reid v. State, 168 Ala. 123, 53 South. 254. Besides, the question was proper, if for no other purpose, to identify the defendant as the person who fired the shot and to show that he was present at the scene of the crime.

[6, 7] There being an entire absence of evidence of self-defense, the objections to the questions propounded to the assaulted party with reference to his having attempted to persuade the wife of the defendant to place poison in the food of the defendant were properly sustained. Nor did the defendant state to the court what answer he expected, and for this reason the court will not be put in error for not permitting the question. Malone v. State, 16 Ala. App. 185, 76 South. 469.

[8] If sustaining the objections of the solicitor to the questions propounded to the assaulted party with reference to his having threatened the life of the defendant were error, it was cured by subsequently allowing the defendant to inquire into this matter while the same was on the stand, the witness testifying that he had not threatened defendant's life. Watson v. State, 15 Ala. App. 39, 72 South. 569; Harbin v. State, 15 Ala. App. 57, 72 South. 594; Allsup v. State, 15 Ala. App. 121, 72 South. 599.

[9] The court did not err in sustaining the objection of the solicitor to the question to the witness Delius, "You are willing to take a fall out of most anybody here that is ready to try you?" as this called for testimony clearly irrelevant to any issues of the case. There was no showing as to what answer was expected. Malone v. State, supra.

[10] Although the court sustained the objection of the state to the question propounded to the witness Delius as to whether Cather-

ine Castona was present at the time of the shooting, the next sentence in the bill of exceptions shows that the defendant received the benefit of the testimony sought to be elicited by this question; and, when Catherine Castona was called as a witness for the defendant, she testified that she was present at the time of the shooting. This was without error. Watson v. State, supra; Harbin v. State, supra; Allsup v. State, supra.

[11] The objection to the question eliciting testimony as to whether defendant and Bessie King were living together while the wife of defendant was in an infirmary in New Orleans came too late. The question had already been answered. The defendant cannot speculate on what a witness will say, and, when unfavorable, object and have the answer excluded. Robinson v. State, 8 Ala. App. 435, 62 South. 372; Humphries v. State, 2 Ala. App. 1, 56 South. 72; Malone v. State, 16 Ala. App. 185, 76 South. 469. Besides, the objection was general, and was therefore properly overruled. Roden v. State, supra; Reid v. State, supra; Malone v. State, supra.

The defendant assigned only general grounds of objection to the question to the witness Delius, "Tell what was said by and between you and Castona," and it was therefore properly overruled. Roden v. State, supra; Reid v. State, supra; Malone v. State, supra.

[12] There was no error in permitting the assaulted party to testify regarding threats made against him by the defendant prior to the commission of the offense. Pate v. State, 94 Ala. 14, 10 South. 665; Griffin v. State, 90 Ala. 596, 8 South. 670; Rains v. State, 88 Ala. 91, 7 South. 315; Pulliam v. State, 88 Ala. 1, 6 South. 839; Davis v. State, 126 Ala. 44, 28 South. 617; Myers v. State, 62 Ala. 599; Smith v. State, 183 Ala. 10, 62 South. 864.

[13] The objections to the questions regarding the direction taken by the bullets fired by defendant, and where they struck, are without merit. This evidence was admissible as a part of the res gestæ. Collins v. State, 138 Ala. 57, 34 South. 993; Bailey v. State, 133 Ala. 155, 32 South. 57; Zimmerman v. State (Sup.) 30 South. 18; Miller v. State, 130 Ala. 1, 30 South. 379; Maxwell v. State, 129 Ala. 48, 29 South. 981.

[14] The action of the court in permitting the daughter of the defendant to give testimony that she and the defendant lived with Bessie King was without error. The evidence shows that the trouble between the defendant and Delius had arisen over the fact that Delius had accused defendant of deserting his wife and living with Bessie King; that Delius had threatened defendant with violence if he did not return; and that he stood in the way of defendant's living with Bessie King. Such evidence was admissible for the purpose of showing motive. Hawes v. State, 88 Ala. 37, 67, 7 South. 302.

[15] The court did not err in refusing to allow the defendant to testify that the little girl was his daughter. The fact had already been put in evidence, and the question merely called for the repetition of an undisputed fact. Harwell v. State, 12 Ala. App. 273, 68 South. 500; Dupree v. State, 148 Ala. 623, 42 South. 1004.

[16] There was no error in permitting the solicitor to ask the defendant whether he had paid any of the bills contracted on account of his wife having been in the hospital. If such was illegal evidence, as is contended by appellant, it was merely in rebuttal of illegal evidence, and as such its admission was without error. Holland v. State, 162 Ala. 5, 50 South. 215; Kroell v. State, 139 Ala. 1, 36 South. 1025; Gordon v. State, 129 Ala. 113, 30 South. 30.

Counsel for the defendant did not state what answer he expected to the question:

"You didn't say anything about that gun at first until I asked you about it on cross-examination, did you—you didn't tell the solicitor anything about that gun?"

Therefore, the ruling of the court in sustaining the state's objection cannot work a reversal. Malone v. State, 16 Ala. App. 185, 76 South. 469. Moreover, the question was argumentative.

[17] The state had the right to examine the witness Delius in rebuttal. It would not have been error, even if the witness had left the stand, to have allowed the state to recall him. It is within the discretion of the court to permit the re-examination of a witness in rebuttal over the objection of the defendant. Cross v. State, 147 Ala. 125, 41 South. 875.

[18] The one charge refused to defendant was fully covered by the oral charge of the court and the charges given at the request of the defendant.

There is no error in the record, and the judgment is affirmed.

Affirmed.