(134 So. 814)

## HAVENS v. STATE.
### I Div. 990.

Court of Appeals of Alabama.
Jan. 13, 1930.

Rehearing Denied May 5, 1931.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

■ The state introduced as a witness in its behalf Marshall Lee, a deputy sheriff, who testified to a statement of facts which, if believed by the jury beyond a reasonable doubt, was sufficient to sustain the verdict. It would serve no good purpose to set out the evidence in extenso or to discuss it further than to say, if this defendant was a sentry placed by others seventy-five yards from the still, that he might give warning to those who were operating the still if officers came near, he would be equally guilty with those who were actually making the whiskey.

Upon cross-examination of the state's witness Lee, the following occurred as a part of the cross-examination:

"Q. Now I am going to ask you this—'Do you know your general reputation in the community in which you live?'

"The State objected to the question as calling for irrelevant, incompetent and immaterial testimony. The Court sustained the objection and the defendant then and there excepted.

"Q. I am going to ask you if you ever heard of your deserting from the Steamer Commache on April 1, 1917?

"The State objected to the question as immaterial. The Court sustained the objection.

"Did you ever hear on January 19, 1917, of your being apprehended by the authorities and delivered to the receiving ship in Louisiana?

"The State objected to the question as immaterial. The Court sustained the State's objection and the defendant then and there duly excepted.

"Q. Did you ever hear on July 1, 1918, of your being delivered to the naval prison at Parish Island, South Carolina?

"The State objected to the question as immaterial. The Court sustained the objection and the defendant then and there duly excepted.

"Q. Did you ever hear on December 29, 1918, of your being dishonorably discharged from the United States Navy?

"The State objected to the question as being immaterial, and the Court sustained the objection, and the defendant then and there duly excepted to the Court's ruling.

"Q. Are you a citizen of the United States?

"The State objected to the question as immaterial. The Court sustained the objection and the defendant then and there duly excepted to the Court's ruling.

"Q. Isn't it a fact that your citizenship,—that you have been deprived of your right of citizenship because you deserted from the United States Army?

"The State objected to the question as immaterial. The Court sustained the objection and the defendant then and there excepted to the Court's ruling.

"Q. Did, or not, the President of the United States pardon you and reconsider your citizenship for deserting from the United States Navy?

"The Court then stated: 'I do not think that is proper.'

"Counsel for the defendant then explained that he wanted to take an exception to the Court's remark.

"The Court thereupon said, 'You asked him if he was a citizen of the United States. The Court said that was immaterial. You are now asking if the President of the United States ever reconsidered his rights of citizenship, which is quibbling with the Court, which I do not think is proper, and I object to it.' "

The extent to which the cross-examination of a witness for the purpose of discrediting him by injuring his character may be carried is a matter largely in the discretion of the trial court, which may and should of its own motion interpose to protect the witness against unreasonable and oppressive cross-examination. The court should refuse to compel a witness to answer a question which is put for the purpose of harassing him or of disgracing him rather than testing his credibility. The foregoing questions were so apparently for the purpose of humiliating or harassing the witness, rather than for the purpose of impeachment, that the court properly exercised his discretion in refusing to permit the witness to answer. 40 Cyc. 2626 (IV).

There was no evidence to support defendant's charge A. For that reason the charge is abstract and is properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.