265 So.2d 879

**Howard TURNER**

v.

**STATE.**

**4 Div. 106.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

Rehearing Denied March 28, 1972.

William G. McKnight, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted by the Circuit Court of Houston County of robbery and sentenced to a term of twenty-five years in the State penitentiary.

In this appeal he complains that the trial court permitted a witness of the appellant to be browbeaten and threatened by the district attorney to the point that said witness changed his testimony and that such change of testimony was greatly injurious to the appellant. Because of the nature of the complaint we here quote from the record as follows:

"Q. Now. Curtis Ward, you know that you are under oath?

"A. Yes, sir.

"Q. Do you know what perjury is?

"A. What is it?

"Q. If you tell something that is not true in answer to a question that I am fixing to ask you, it's perjury. Do you know that?

"A. No, I didn't.

"Q. Do you know that for telling something that is not true after you are under oath that you can go to the penitentiary for twenty years?

"A. I didn't know that.

"MR. HERRING: Judge that is a legal point to be—

"MR. BAXLEY: Your Honor, this is cross examination.

"MR. HERRING: Well, the District Attorney is—

"THE COURT: It is cross examination and I will allow him to go into it.

"MR. HERRING: Well, I move that the Court inform the witness of the perjury business.

"MR. BAXLEY: We would like for the Court to inform him as to perjury, yes, sir.

"THE COURT: Give me the Statute. Now, under our law of Alabama, the Statute says 'That any person who wilfully and corruptly swears or affirms falsely or corruptly procures another to so swear or affirm in regard to any material matter or thing on the trial of any person under indictment for a felony shall on conviction be imprisoned in the penitentiary for not less than three nor more than twenty years.' Do you understand that?

"A. I do.

"THE COURT: All right. If you understand that, go ahead.

"Q. Now, Joe Curtis, actually what happened, when you all came back, this defendant and Willie Mae Higgins came over to that house and told you all that they had robbed that old man, didn't they?

"A. Not as I know of.

"Q. You did not hear him come over there and tell you they had robbed the old man?

"A. No, sir, I didn't.

"Q. Don't you know that you all went in there to that bedroom and counted that money out on the bed, you and Gwen and he and Willie Mae Higgins, and you stood there and watched it? Remember what the Judge told you. Didn't you see him count that out?

"THE COURT: Answer his question.

"Q. Answer my question! Did you see them come in there and count out that money on the bed? You stand there and watch those two count $240.00 out?

"A. I didn't see no $240.00.

"Q. Did you see them count the money in there?

"A. I seen them count some money.

"Q. And he told you they robbed that man right then, didn't he?

"A. He—

"Q. In front of all those people? Didn't he?

"A. Right.

The scope and extent of cross-examination is within the discretion of the trial court and will not be revised on appeal unless abused. Jordan v. State, 267 Ala. 361, 102 So.2d 4. The court should of its own motion protect witness against unreasonable and oppressive cross-examination. Havens v. State, 24 Ala.App. 288, 134 So. 814.

In Malone v. State, 16 Ala.App. 185, 76 So. 469, counsel for defendant asked a witness for the State the following question: "Do you tell the jury you swore a lie then or now?" Regarding that question, this Court said in its opinion:

" . . . However, this question is improper for the further reason that the court should not allow counsel to browbeat a witness or to insult him in the asking of a question. The asking of the question above quoted to a witness could only be intended to embarrass and humiliate the witness, and no such latitude should be permitted by the court. Witnesses who are being examined upon trial of causes in the court are under the protection of the court, and cannot protect themselves against the questioning attorney."

The Malone case, supra, was affirmed and the opinion indicative that the solicitor's objection was sustained by a correct ruling by the trial court.

If counsel for the defense are thus limited the same limitations should be placed upon the district attorney.

In the instant case appellant contends that the trial judge did not maintain a

## 442

position of impartiality during the examination of appellant's witness, Joe Curtis Ward. He also contends that the district attorney threatened, browbeat, and coerced said witness into changing his testimony and that the court did not protect him.

In Headley v. Harris, 196 Ala. 520, 71 So. 695, the Court said:

"While one of the defendant's chief witnesses was being examined by counsel, and immediately following his statement in denial of a fact which seems to have been overwhelmingly established by the other witnesses, counsel for plaintiff exclaimed: 'Look out now! Hold on! Watch how you testify! Somebody may be indicted for perjury.'

"The bill of exceptions recites that: 'Defendant's counsel objected to the remarks of the attorney for plaintiff, and the court directed plaintiff's counsel to come to order, and then directed defendant's attorney to proceed with the examination of the witness.'

"The interjection of this remark by counsel was not proper, and it may be, as argued for appellant, that it might ordinarily be suspected of prejudicial results, especially in view of the fact that plaintiff's counsel is the prosecuting officer of the court, and would have peculiar facilities for securing the suggested indictment. However, an inspection of this witness' testimony shows that it was in no wise affected by the objectionable statement, since he retracted nothing, and pointedly supported every contention of fact relied upon by defendant, who was his brother."

The *Headley* case was affirmed since the statement did not cause the witness to change his testimony.

In the instant case the witness did change his testimony and in addition testified to a confession of guilt on the part of the appellant.

■ The record discloses that during the above quoted testimony of said witness,

counsel endeavored to interpose an objection; that either the trial judge or the district attorney interrupted him before he could complete a sentence; and that the trial judge understood he was trying to make an objection and stated, "It's cross-examination and I will allow him to go into it." That statement falls far short of the duty of a trial judge by his own motion or on objection to protect a witness against unreasonable and oppressive cross-examination. This is not a situation in which the trial court was unaware of the need for the protection of the witness. The situation was called to the attention of the court.

The reading of this record leads the mind to but one conclusion—that the witness was threatened with imprisonment in the penitentiary for twenty years; that he was browbeaten and intimidated and that all of this created a situation well calculated to produce real fear for his future safety from imprisonment; and that the entire situation was so attendant with threats and coercive statements by the district attorney that it produced a vital change in the testimony of the witness.

It is difficult to understand how a witness could be placed under greater compulsion short of a threat of immediate physical harm.

It cannot be said in this case that what took place was error without injury. The testimony of one's witness is capable of doing great harm. How much more harm could be done than to have a witness for an appellant testify that he confessed that he committed the very offense for which he was being tried.

There are many cases holding that a confession given to an officer of the law must be voluntarily made but that law is of little use to a defendant if the State may take a witness who is not a police officer and who is not under the duties imposed upon such officer in connection with securing confessions and threaten and intimidate that witness into testifying to a confession

made by a defendant. Confessions procured by coercive measures are inadmissible and likewise testimony procured by such measures should be and is inadmissible.

For the foregoing error the judgment in this cause is reversed and the cause remanded.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Reversed and remanded.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.