# Dumas *v.* The State.

## *Murder.*

(Decided April 8, 1909.    49 South. 224.)

1. *Homicide; Death of Decedent; Cause.*—Where the evidence clearly disclosed that death was the result of the wound inflicted and that blood poison developed, the defendant could not justify by proving that the wound was trifling and that the decedent was so diseased as to readily become infected with blood poison.

2. *Same; Dying Declarations; Admissibility.*—Whether offered by the state or by the accused, declarations made by the decedent as to the difficulty resulting in the fatal wound are inadmissible without a proper predicate.

3. *Same; Evidence; Harmless Error.*—It was not prejudicial to defendant to admit evidence of threats by decedent against the accused, and the communication thereof to accused together with the fact that on being informed of the threat the accused said that if decedent was going to kill him he was going home.

4. *Evidence; Opinion Evidence.*—The relative attitude of decedent and the instrument or person inflicting the fatal wound being an inference of fact capable of being drawn by the jury, a witness cannot give his expert opinion in reference thereto.

5. *Appeal and Error; Harmless Error; Exclusion of Evidence.*—The erroneous exclusion of evidence is cured by the subsequent admission of such evidence.

[Dumas v. The State.]

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Tingy Dumas was convicted of murder in the second degree and appeals.  Affirmed.

MILLER & MILLER, for appellant.  Counsel insist that if poisoning afterwards set in, where the wound was trifling at first, that it is material to know if the deceas ed had any other and what diseases at the time, so as to show the causal connection between the act and the death.—1 Mayf. 659; *Daughdrill v. The State,* 113 Ala. 7.  Counsel discuss other assignments relative to the ad missions of evidence, but without further citation of authority.

ALEXANDER M. GARBER, Attorney-General, and THOM AS W. MARTIN, Assistant Attorney-General, for the State There was testimony showing that the gun shot wounds were the prime cause of the death, and therefore, the testimony sought to be introduced as to diseases was wholly immaterial.—*Daughdrill v. The State,* 113 Ala. 7; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 233; *Fitts v. The State,* 140 Ala. 70; *Thomas v. The State,* 139 Ala. 3.  No predicate for dying declarations was introduced, nor was the statement shown to be of the res gestæ.—*Wilson v. The State,* 140 Ala. 43.

McCLELLAN, J.—The defendant was convicted of murder in the second degree for the killing of John Goode.  All the errors asserted relate to rulings on the admission and rejection of evidence.  The deceased was shot in the side and arm; the weapon used being a pis tol.  He lived about three weeks after being shot.  The physician attending deceased testified that the prime cause of his death was these wounds, and that blood poison developed.  The defendant sought to show the

diseased condition of deceased. There was no prejudicial error in the disallowance of that testimony. What ever may have been the physical condition of deceased at the time the wounds were received could not have benefited the defendant. Even though the wounds "were at first, trifling," defendant could not justify or minimize his criminal act by the fact, if so, that the person of the victim was so diseased as to more readily become infected with blood poison. The causal connection between the wound and the death of deceased was clearly shown; and that the disease with which Goode suffered contributed, if so, to the extreme result, did not interrupt the order of causation.

No injury resulted to defendant from the exclusion of certain declarations said to have been made by alleged co-conspirators with the deceased in their assault on defendant. This testimony was later admitted, and error, if any, cured.

The inquiry of Dr. Semmes as to what the deceased said, during his last sickness, about the difficulty, was not preceded by the requisite predicate to admit dying declarations. We know of no reason why the rule in this respect should be different when the statement of one deceased is attempted to be offered by the defendant or otherwise. The question indicated was properly disallowed on appropriate objection.

The question purporting to call for expert opinion as to the relative attitude of the deceased and the instrument or person inflicting the wound was correctly ruled out.—*McKee's Case* 82 Ala. 32, 38, 2 South. 451. It related to an inference of fact, as capable of being drawn by the jury as by any other.

Dan Watson testified to threats by the deceased against defendant, and that he communicated them to defendant. The state then asked the witness what defendant

[Huckabee v. The State.]

said when so informed by witness. The defendant objected, and the court overruled it. The answer was that defendant said: "If he is going to kill me, I will go home." We cannot see any prejudice resulting to defendant from this ruliing.

There is no harmful error to defendant in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.