# Noble *v.* The State.

### Murder.

(Decided November 25, 1915.   70 South. 187.)

**Homicide; Expert Testimony.**—It is error to permit an expert to testify as to the relative position of deceased, and the person who shot him, deduced from the nature and direction of the wound, as the jury are equally capable with the expert of drawing proper inferences from the facts proven.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Bud, alias, Talley Noble was convicted of murder, and he appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant, being charged with murder, relied for his defense upon showing that the killing, which he admitted, was an act of self-defense. The evidence adduced upon the trial was in conflict as to whether the deceased, who was riding in a buggy hitched to a horse driven by himself, was approaching, or had passed and was going away from, the defendant at the time the defendant fired the fatal shot. The testimony of the state's witnesses was to the effect that the shot was fired by the defendant after the deceased had passed the place where the defendant was standing; while the testimony of the defendant himself and some of his witnesses had a tendency to show that the deceased was approaching the defendant, mak-

ing threatening remarks and demonstrations, at the time the defendant shot and killed the deceased. There was evidence that an examination of the body of the deceased showed that the pistol ball that struck the deceased entered just over the crest of the hip bone and went inward and downward, perforating the intestines and entering the abdomen.

Upon this conflicting state of the evidence as to the relative positions of the parties with respect to each other at the time the fatal shot was fired, the solicitor was permitted in rebuttal, against the duly made objection and exception reserved by the defendant's counsel, to ask one Dr. Fennell, who did not see the shooting, but who examined the wounds on the body of the deceased, the following questions: (1) "Tell the jury whether or not the man [defendant] that fired the shot that entered that man's body [deceased] was in front of him or behind him?"

(2) "Now, Doctor, could a man stand in front of that body and inflict that wound?"

(3) "Could the parties be fronting each other and the deceased receive that wound?"

In passing upon the same proposition, this court, in the case of *Rigell v. State,* 8 Ala. App. 46, 55, 62 South. 977, 980, approvingly quoted the text of the Encyclopedia of Evidence, vol. 5, p. 588, as follows: "According to the overwhelming weight of authority, the opinions of medical experts are not admissible to show the position of an injured person at the time the wound was received, or the position of the person who inflicted it, because, as has been said, surgeons are not presumed to be experts in the matter of giving or receiving wounds, and the jury are equally capable of drawing proper inferences from the facts proved."

See, also, *McKee v. State,* 82 Ala. 32, 2 South. 451; *Dumas v. State,* 159 Ala. 42, 49 South. 224, 133 Am. St. Rep. 17; *Roden v. State,* 13 Ala. App. 105, 69 South. 366.

The questions objected to called for answers of the expert opinion of the witness as to the relative attitude of deceased and the instrument or person inflicting the fatal wound, which were objectionable, as they related to inferences of fact capable of being drawn by the jury from the evidence, and upon which a witness cannot give his expert opinion. The answers elicited to all of the questions are not shown to be objectionable, as stat-

[Mixon v. The State.]

ing the expert opinion of the witness; but we are unable to say that no injury resulted to the defendant from overruling objections to these questions and refusing to exclude the answers of the witness. The answer elicited to the second question above set out, for example, was: 'Not unless he had that side presented." The answer was clearly the expert opinion of the witness, who, as a doctor, had examined the wounds on the body of the deceased, and falls within the rule against a medical expert giving his conclusion or opinion as to the relative position of the parties at the time the wound was inflicted.—Authorities, supra.

Appellant's counsel have assigned on the record 73 matters relating to the organization of the special jury, rulings on the evidence, and refused charges, as constituting error; but we do not find, upon an examination of the entire record, any other reversible error than that we have pointed out and discussed. The questions on the formation of a special jury will not occur on another trial and need not be noticed. Other rulings on the evidence, properly presented for review, show nothing injuriously affecting the rights of the defendant that would require a reversal of the judgment of conviction. The correct propositions of law contained in refused charges are well covered in the numerous written instructions given at the instance of the defendant.

For the error pointed out, the case must be reversed.

Reversed and remanded.