**GOTCHER v. STATE.** (8 Div. 90.)

(Court of Appeals of Alabama. June 12, 1923.)

**1. Criminal law ⚖️470—Permitting physician to testify as to his opinion as to positions of deceased and defendant when shot held error.**

In a prosecution for murder, permitting a physician over objection of defendant to state his opinion as to the relative positions of deceased and defendant at the time the fatal shots were fired, *held* reversible error as an invasion of the province of the jury.

**2. Criminal law ⚖️789(4)—Instruction held properly denied as being argumentative.**

Instruction regarding duty to acquit if reasonable doubt exists *held* properly denied as being argumentative.

**3. Criminal law ⚖️789(4)—Denial of instruction on reasonable doubt held properly denied.**

In a prosecution for murder an instruction, "If you do not believe the evidence beyond a reasonable doubt, you must acquit defendant," *held* properly denied.

**4. Criminal law ⚖️1124(1)—Motion for new trial not in bill of exceptions held not properly presented for review.**

Where a motion for a new trial is not in the bill of exceptions, but appears only in the record, it is not under Acts 1915, p. 722, presented for review.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Ralph Gotcher was convicted of murder in the second degree, and appeals. Reversed and remanded.

The following charges were refused to defendant:

"AA. Even though you may and should believe in law enforcement, still this would not authorize a conviction in this case unless the reliable testimony shows that he is guilty beyond a reasonable doubt and to a moral certainty."

"R. If you do not believe the evidence beyond a reasonable doubt, you must acquit defendant."

A. H. Carmichael, of Tuscumbia, for appellant.

It was error to admit testimony of the physician to the probable relative positions of the parties at the time of the shooting. 13 R. C. L. 911; Dumas v. State, 159 Ala. 42, 49 South. 224, 133 Am. St. Rep. 17; McKee's Case, 82 Ala. 32, 2 South. 451; Walker v. State, 58 Ala. 393; Bennett v. State, 52 Ala. 370; Noble v. State, 14 Ala. App. 9, 70 South. 187; Rigell v. State, 8 Ala. App. 46, 62 South. 977; Mathis v. State, 15 Ala. App. 248, 73 South. 122; Roden v. State, 13 Ala. App. 105, 69 South. 366; 5 Ency. Evi. 588.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

BRICKEN, P. J. Under an indictment charging the defendant with murder in the first degree, he was convicted of the offense of murder in the second degree and sentenced to 10 years' imprisonment in the penitentiary.

[1] No brief has been filed in behalf of appellant, but on examination of the questions reserved by exceptions we find that the court committed reversible error in permitting state witness Dr. W. J. Calloway to testify over the objection of defendant to his opinion as to the relative positions of deceased and defendant at the time the fatal shots were fired. This is never permissible. Rigell v. State, 8 Ala. App. 46. 62 South. 977. This was clearly invasive of the province of the jury and a matter of which they would be quite as competent to judge as would this witness, the jury having been given a description of the wounds. In Rigell's Case, supra, this court said:

"According to the overwhelming weight of authority, the opinions of medical experts are not admissible to show the position of an injured person at the time the wound was received, or the position of the person who inflicted it, because, as has been said, surgeons are not presumed to be experts in the matter of giving or receiving wounds, and the jury are equally capable of drawing proper inferences from the facts proved."

See, also. McKee v. State. 82 Ala. 32, 2 South. 451; Dumas v. State, 159 Ala.' 44, 49 South. 224, 133 Am. St. Rep. 17; Roden v. State, 13 Ala. App. 105. 69 South. 366; Noble v. State, 14 Ala. App. 9, 70 South. 187; Mathis v. State, 15 Ala. App. 245, 73 South. 122.

[2] Refused charge AA was an argument; therefore it was properly refused.

[3] Charge R was refused to defendant without error. Koch v. State, 115 Ala. 99, 22 South. 471.

[4] The motion for new trial is not in the bill of exceptions, but appears in the record only. It is therefore not properly presented for review. Acts 1915. p. 722.

Other questions raised upon this trial need not be considered.

The record proper is without error, but for the error designated the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.