(101 So. 310)

**GOTCHER v. STATE.** (8 Div. 221.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

1. Criminal law ⬤⇒1035(6)—Failure of presiding judge to draw special venire for trial pursuant to act cannot be raised for first time on appeal.

That the presiding judge failed to draw a special venire for murder trial, pursuant to Acts 1919, p. 1041, § 32, amending Acts 1909, p. 305, could not be raised for the first

time on appeal, notwithstanding record failed affirmatively to show presiding judge complied with statute.

**2. Homicide ⬅️187 — Evidence as to who brought liquor to poker game at which accused shot deceased held immaterial.**

In a prosecution for killing deceased at a poker game, where defense was self-defense, evidence as to who brought whisky to the poker game *held* immaterial; the evidence showing without dispute that deceased had some liquor there, which he drank.

**3. Criminal law ⬅️1044 — Answer of witness on cross-examination held not ground for reversal, in absence of motion to exclude answer; no prejudice having resulted.**

In a prosecution for murder, where defense was self-defense, admission of question on cross-examination whether witness did not know accused was going to scene of killing to kill deceased *held* not ground for reversal, in absence of motion to exclude answer, especially as negative answer was not prejudicial.

**4. Homicide ⬅️169(1) — Evidence held immaterial.**

In prosecution for murdering deceased at a poker game, whether or not witness, who left the game when accused came, had chips in game, or whether the players cashed before he left game, *held* immaterial.

**5. Homicide ⬅️169(1) — Cross-examination of defendant's witness as to following deceased properly admitted.**

In prosecution for murdering deceased at a poker game, court *held* not to have erred in admitting question to his witness on cross-examination, "You all did follow him down there?"

**6. Homicide ⬅️282 — Guilt of murder in second degree held for jury.**

Whether accused, who was indicted for murder in first degree, was guilty of murder in second degree, *held* for jury.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Ralph Gotcher was convicted of murder in the second degree, and appeals. Affirmed.

A. H. Carmichael, of Tuscumbia, for appellant.

Proof that deceased went away and returned with whisky should have been admitted as a part of res gestæ. Laws v. State, 209 Ala. 174, 95 South. 819; Hall v. State, 11 Ala. App. 95, 65 South. 427. It was error for the court not to draw a special venire in this case. Ex parte Spivey, 175 Ala. 43, 57 South. 491.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. This is the second appeal in this case. See Gotcher v. State, 19 Ala. App. 269, 97 South. 111.

Defendant was indicted for murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a period of 15 years.

[1] The record fails affirmatively to show that the presiding judge drew a special venire for the trial of this case in compliance with section 32 of Acts of the Legislature of 1919, p. 1041, amending an act approved August 31, 1909 (Acts 1909, p. 305). However, the question was not raised on the trial, and cannot be raised for the first time on appeal. Supreme Court rule 27; Vann v. State, 207 Ala. 152, 92 South. 182; Anderson v. State, 204 Ala. 476, 85 South. 789.

The evidence for the state tended to show that the deceased, Fletcher Bell, was found dead, with three bullet holes in his body, and with a pistol in his right hand, which had five empty cartridges in it, that appeared to have been recently fired. The three bullets went into the left side of deceased. Two ranged down and one went straight through the body; one bullet coming out on the right side of the stomach. There was also evidence that deceased and defendant had a previous difficulty, and that the defendant had made threats against the deceased, and that the defendant admitted shooting at the deceased, but stated that deceased shot at him and did not hit him, and that he did not know whether or not he hit the deceased. The deceased died from the pistol wounds received. Evidence for the state also showed that deceased was left-handed.

The evidence for the defendant tended to show that the killing took place, late in the evening, in a woodland, near a public road, where a game of cards had been going on for some hours. There were only four persons present at the time of the killing, who were Ralph Gotcher (defendant), Will Gotcher, brother of defendant, Claude Larry, cousin of defendant, and the deceased. The first three were all witnesses for the defendant, and gave substantially the same account of the killing.

According to the testimony of these three witnesses, while the poker game was in progress, the deceased said that the defendant had beat him out of a pot; defendant denied this, but offered the pot back; deceased refused the pot, jumped up threatened to kill defendant, and began shooting at defendant with his pistol; that defendant returned the fire, and that deceased was killed by him. The evidence also showed that deceased was using white powder and the defendant black powder in his pistol. Witnesses for the defendant testified that they had seen deceased shoot with his right hand.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant claimed that the killing was done in self-defense.

[2] It was immaterial to any issue in the case who brought the whisky to the poker game, which had been going on for some time before the fatal difficulty. The evidence showed without dispute that the deceased had some liquor there in a fruit jar, from which he drank.

[3] Bob Brown, a witness for the defendant, was asked on cross-examination by the state if he did not know, when he saw Ralph Gotcher (the defendant) coming up there (to the poker game where deceased and others were) with his two friends, that he was going up there to kill Fletcher Bell, and witness answered, "No." There was no motion to exclude the answer, and it also affirmatively appears that no injury resulted to the defendant, as the question was answered in the negative.

[4] Whether or not Bob Brown had chips in the poker game, or whether they cashed before he left the game, was immaterial to any issue in the case. The evidence shows that Brown left the game at the time the defendant came there. No doubt the trial judge admitted the testimony on the ground that it was part of the res gestæ. The shooting occurred a short time after Brown left. Defendant got into the game as Brown left, and in a few minutes the shooting occurred.

[5] On cross-examination the solicitor asked defendant's witness, Claude Larry, who went with the defendant to the poker game, after they saw deceased go down there, "You all did follow him down there?" The court did not err in overruling defendant's objection to the question.

[6] The sufficiency of the evidence was not tested by request for the affirmative charge for the defendant. A motion for new trial was made on the ground, among others, that the verdict of the jury was contrary to the evidence. The evidence of a former difficulty between deceased and defendant, the threats of the defendant against the deceased, tending to shed light on who was the aggressor, that defendant and two friends went together to the poker game, where they knew the deceased was, that defendant was armed with a pistol, that the difficulty occurred soon after the defendant entered the game, the physical facts, the location of the wounds, the range of the bullets, the admission by the defendant that he shot at the deceased, the evidence that he killed the deceased with a deadly weapon, were sufficient to submit to the jury the question of the guilt vel non of the defendant of murder in the second degree, notwithstanding the evidence of the eyewitnesses to the killing, who were friends of the defendant, and whose testimony very strongly tended to establish self-defense as claimed by the defendant. All of the evidence was properly submitted to the jury, and it was for them to determine the guilt or innocence of the defendant. The jury found the defendant guilty of murder in the second degree, and the verdict will not be disturbed.

The other questions raised on the motion have been decided above. The court did not err in overruling the motion for a new trial. We find no prejudicial error, and the judgment of the circuit court is affirmed.

Affirmed.