(109 So. 564)

## JONES v. STATE.  (7 Div. 218.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Constitutional law �kö 268—Witnesses are under protection of judge, and third degree methods of examination in violation of due process should be stopped.**

Witnesses are under protection of judge, and methods used by examining counsel which partake of method of "third degree" or "rack" or "inquisition" should be promptly stopped, that men on trial may obtain justice by due process and fair trial.

**2. Criminal law ⊸719(1)—Statement by so-·licitor in argument as to "Ku Klux Klan in Oklahoma" was error, in absence of evidence.**

It was error to permit solicitor in his argument to make statements as to "Ku Klux Klan in Oklahoma" and how "it" goes in C., where there was no evidence of those facts.

**3. Criminal law ⊸721½(1)—It was error for solicitor to comment on failure of accused to examine witness where testimony was equally accessible to both· parties.**

Reference by solicitor in argument to failure of accused to examine witness was error, where such witness was equally accessible to state as witness as he was to defendant.

**4. Criminal law ⊸1171(1)—Error by solicitor in injecting prejudicial evidence into case over adverse rulings of court was reversible, where whole record emphasized injury to defendant's rights.**

Error by solicitor in repeated asking defendant's witnesses illegal questions, notwithstanding sustained objections, for effect of prejudicing minds of jurors against witnesses was reversible, where entire record emphasized injury to defendant's substantial rights, since every error presupposes injury and entitles defendant to reversal, unless presumption of in- jury is overcome by consideration of whole record.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Jess Jones was convicted of distilling, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.,

The cross-examination of defendant's witness presented reversible error. Abrams v. State, 17 Ala. App. 379, 84 So. 862; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Burnett v. State, 18 Ala. App. 318, 91 So. 893; Lakey v. State, 206 Ala. 180, 89 So. 605; Adams v. State, 18 Ala. App. 524, 93 So. 292. Remarks used by the solicitor in argument were prejudicial to defendant. Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451; Forman v. State, 190 Ala. 22, 67 So. 583; Crawford v. State, 112 Ala. 1, 21 So. 214; Ethridge v. State, 124 Ala. 106, 27 So. 320; Mann v. State, 134 Ala. 1, 32 So. 704; McDaniel v. State, 20 Ala. App. 407, 102 So. 788; Lowery v. State, ante, p. 352, 108 So. 351.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The argument of the solicitor was based upon facts in evidence or inferences therefrom, and within the latitude allowed. Winchester v. State, 20 Ala. App. 243, 102 So. 535. There was no error in cross-examination of defendant's witnesses. Shepard v. State, 20 Ala. App. 627, 104 So. 674; Watson v. State, 20 Ala. App. 373, 102 So. 492.

SAMFORD, J. The indictment was in two counts. The defendant was by the verdict of the jury convicted under the first count, thus eliminating all questions arising under the second count.

The evidence chiefly relied on by the state was the testimony of the law enforcement officers who raided the still at which defendant is alleged to have been engaged in the manufacture of the liquors. These witnesses testified to the fact of distilling and to the participation of defendant in the crime, although defendant was not then and there arrested, but, according to the state's witnesses, ran away and was arrested later in the day. The defendant sought to establish an alibi and for that purpose introduced witnesses who testified, that at the time testified to by the state's witnesses, he was at a different place and not connected with the crime charged.' The trial judge in an able charge to the jury covered every phase of the case and either in the oral charge or in written charges given at the request of defendant covered every correct proposition of law embraced in the written charges requested by defendant and refused by the court. It will therefore not be necessary for us to go into a detailed discussion of the refused charges.

The principal insistence of error is the method resorted to by the solicitor in conducting the cross-examination of defendant's

---

witnesses and his persistence in undertaking to get before the jury testimony that was clearly illegal and held to be so by the court, the sole effect of which was to prejudice the minds of the jury against the witness. In several instances this occurred. The court would sustain the objection of defendant to a patently illegal question, and the solicitor would immediately repeat the question to the witness. The defendant moved the court to declare a mistrial and to continue the case. The court overruled the defendant's motion, but stated, "I want to ask the solicitor to desist from doing that." We cannot say from a reading of this entire record, that the method used by the solicitor so influenced the jury in their verdict as to require the judge trying the case to stop the trial, declare a mistrial, and to continue the case. But we are clear to the conclusion that the record discloses such discourtesy to the court as to evidence a contempt which would have warranted, and, we may add, demanded, a severe reprimand, if no more, that the dignity of the court might be preserved.

[1] Witnesses who testify in court are under the protection of the judge, and methods and manners used by examining counsel which partake of the "third degree" or the "rack" or the "inquisition" should be promptly stopped, to the end that men on trial may obtain justice by due process and fair trial. We do not reverse this case on account of the ruling of the court on this motion because he was in better position to judge of the effect of the solicitor's conduct on the jury than is this court, and we cannot say from this record that in overruling the motion there was an abuse of discretion, but we are justified in saying that the court was entirely too lenient in dealing with the question, so far as the solicitor was concerned. Dennison v. State, 17 Ala. App. 674, 88 So. 211; Windom v. State, 18 Ala. App. 430, 93 So. 79.

[2, 3] During the argument of the solicitor to the jury there were several objections made to statements in such argument, the objections were overruled, and exceptions reserved. For instance, "I say in my judgment they are better organized than the Ku Klux Klan are in Oklahoma," and "I wish you could live in Columbiana and see how it goes on," and "It is the first time in my recollection a moonshiner ever had an opportunity to use Jeff Faulkner (the sheriff of the county) as a witness," and "They did not put Curt (the son of the sheriff and a deputy) on." There was no evidence as to the organization of the Ku Klux Klan in Oklahoma, no evidence as to how "it" goes on in Columbiana, no evidence that a man on trial for violating prohibition law had never before used Jeff Faulkner as a witness, and Curt Faulkner was equally accessible to the state as a witness as he was to the defendant. A solicitor in his argument to the jury has a wide latitude in drawing deductions and conclusions from the evidence adduced on the trial, and trial courts will not exercise severe censorship over such arguments. Lindsay v. State, 17 Ala. App. 670, 88 So. 189. At the same time, it is not the duty of solicitors to seek conviction by virtue of their own personality or forensic ability. Arguments must be free from statements of facts not borne out by the evidence. Hardaman v. State, 17 Ala. App. 49, 81 So. 449. It is also the duty of trial courts to see that a defendant is tried according to law and the evidence free from any appeal to prejudice or other improper motive. Perdue v. State, 17 Ala. App. 500, 86 So. 158; Jones v. State, 170 Ala. 72, 54 So. 500; Bailum v. State, 17 Ala. App. 679, 88 So. 200; Lowery v. State (Ala. App.) 108 So. 351.[1] It is also error to permit unfavorable argument of counsel because of absence of testimony equally accessible to both parties. Forman v. State, 190 Ala. 22, 67 So. 583; Jackson v. State, 193 Ala. 36, 69 So. 130. Solicitors should realize that they occupy very high, honorable, important, and powerful political positions in the administration of justice. To discharge the duties of this office there should ever be kept in mind the "majesty of the law" which prosecutes within the rules laid down, but which never resorts to impassioned appeals, forensic ability, or personal magnetism to obtain conviction of those charged with crime. The court erred in permitting the solicitor in his argument to the jury to make statements of facts not in evidence. The court also erred in permitting the solicitor to comment unfavorably on the failure of defendant to examine Curt Faulkner as a witness.

[4] It is urged by the state that, if there was error, such error did not probably affect the substantial rights of the defendant, and that this fact is ascertained from a reading of the entire record. Standing alone, this court might accept that view as to either of the errors above pointed out, but when the entire record is considered we are met with this proposition of law, every error presupposes injury and entitles the defendant to a reversal, unless the presumption of injury is overcome by a consideration of the whole record. In following this rule, we find that all through the trial the solicitor persistently sought, over the adverse rulings of the court and admonition from the court that he desist, to inject into the case illegal and prejudicial evidence, and, when admonished to desist, his retorts to the court were of such character as to tend to prejudice the jury trying the case. A reading of this record emphasizes rather than minimizes the injury.

Let the judgment be reversed, and the cause be remanded.

Reversed and remanded.

---

[1] Ante, p. 352.