(111 So. 763)

SMITH v. STATE. (7 Div. 305.)

(Court of Appeals of Alabama. March 22, 1927.)

L. H. Ellis, of Columbiana, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD; J. The defendant was placed on trial under an indictment charging murder in the first degree. His plea was self-defense, and, of course, the general plea of not guilty. The issue was clear and well defined. It was admitted that defendant shot the deceased with a double-barrel shotgun, from the effects of which he died.

Evidence as to when and where the shooting took place, and all of the facts within the res gestæ, were admissible, both to establish the crime on the part of the state and any facts justifying defendant in taking the life of the deceased when and how he did. As to this part of the case it was competent for the state to prove by Dr. Givhan, who qualified as a surgical expert, and who examined the wounds of the dead man, the location of the wounds, the range of the bullets, and their probable effect. But it was error to allow the doctor to testify in what position deceased was at the time the loads of shot hit him. The relative position of the parties at

the time of the homicide are conclusions to be drawn by the jury from the evidence, and is not within the realm of testimony to be given by medical experts. Rigell v. State, 8 Ala. App. 46, 62 So. 977; Gotcher v. State, 19 Ala. App. 269, 97 So. 111.

When the witness Eunice Lucas was testifying in behalf of the state, she testified that her feelings towards Bradford, the deceased, were bad. It thereupon became relevant for the defendant to prove that the relationship between Eunice Lucas was not only friendly, but intimate, as tending to show interest and bias, in the prosecution of the person charged with the murder of her friend and intimate. 12 Mitch. Dig. p. 1280, par. 281.

After Annie Smith, the wife of defendant, had testified in behalf of defendant, the solicitor was permitted to introduce in evidence a bill for divorce, filed by Annie Smith against the defendant, Albert Smith, in the circuit court of Shelby county, in which there were many charges of infidelity and cruelty alleged against defendant. The bill was not signed by the witness, but by her attorney. Under some circumstances and in certain cases pleadings filed in a court are admissible in evidence, but no such case is presented here. There is no allegation in the bill for divorce even remotely relevant to the issues involved in the trial of this defendant. Its introduction in evidence tended to prove no fact relating to the homicide, but did inject into the trial many unsupported charges of ill treatment of defendant's wife, and gave to the solicitor the basis for an appeal to the jury, which he later made use of in his closing argument.

The court erred in permitting the state to inquire into the marital relations of defendant and Lena Smith. The defendant was not on trial for deserting Lena Smith and her children, or for bigamy, or for cruelty to Eunice Smith, or for adultery. The issue was, Did he kill Bradford, and, if so, did he do it in self-defense? The evidence should be confined to these issues, to the end that the defendant may have a trial such as the law contemplates.

Every objection made by defendant to argument made by the solicitor should have been sustained. These several statements were based upon illegal evidence, and tended to arouse the passions of the jury against the defendant by reason of charges in no way connected with the crime charged.

This court has many times admonished prosecuting attorneys that it was not their duty to seek convictions of defendants on trial by virtue of their own personality or forensic ability, and that it is the duty of trial courts to see that defendants are accorded trials free from appeals to prejudice or other improper motives. The views of this

court are fully set forth in Jones v. State, 109 So. 564.[1] When the rule there stated is violated, the defendant is entitled to a reversal.

This record is replete with error, and we do the Attorney General justice to say that he confesses to many of them. In view of that fact, we do not pass upon each error assigned, but are content to point out some of the more apparent ones.

On another trial the evidence should be confined to the res gestæ and such impeaching testimony as legally affect the credibility of the witnesses. The family affairs of defendant are not relevant, and should not be gone into. So far as this case is concerned, it makes no difference how many times defendant was married, when or where, nor whether he abandoned, beat, or deserted one or all of the women with whom he lived, nor how many children he had, or what became of them, nor with how many women he lived in adultery. The issues are simple and the rules plain.

For the errors pointed out, as well as for others not specifically discussed, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

