(117 So. 614)

**BLACKBURN v. STATE.** (7 Div. 472.)

Court of Appeals of Alabama. June 30, 1928.

Hugh Reed, of Centre, and Hood & Murphree, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The killing took place in a building which was being used as a post office. The defendant was the assistant postmaster, and the deceased was a mail carrier. Both were in their place of business.

■■ One Hoyt Butler, who was an undertaker, and who examined the wounds on deceased, was qualified as an expert as to pistol wounds, and, after describing the wounds, the size, entrance, and exits, he was asked:

"I will ask you, if the parties had been standing apart, the party with the gun or pistol, and Mr. Lowe had been on his knee, could that wound have been inflicted that way in his head?"

This question was objected to by defendant, objection was overruled, and motion made to exclude the answer. Exceptions were duly reserved. A witness cannot give his expert opinion as to the relative attitude of deceased to the instrument or person inflicting the fatal wound. This is an inference to be drawn from the facts, and is for the jury. Dumas v. State, 159 Ala. 42, 49 So. 224, 133 Am. St. Rep. 17; McKee v. State, 82 Ala. 32, 2 So. 451.

■ The killing took place in a storehouse which was being used as a post office. The deceased was shot twice with a pistol in the hands of defendant. One of the wounds was in the head, and the deceased fell on the floor of the storehouse where he was shot. Over the objection and exceptions of defendant, the state was allowed to offer testimony tending to prove that, after the difficulty, and after the body of deceased had been removed from the place where it fell, defendant took some sand, poured it over the brains of deceased lying on the floor, stirred it around with his foot, then took it up in a shovel, and threw it out in a lot across the street belonging to deceased. The court should not have permitted this line of inquiry. The act of defendant, if true, was not a part of the res gestæ, shed no light upon any material inquiry, and was but the presentation of an unsightly and gruesome spectacle calculated to prejudice the jury. Boyette v. State, 215 Ala. 472, 110 So. 812.

The other questions presented upon the court's rulings on the admissibility of testimony have been examined and held to be without prejudicial error.

The several excerpts from the court's oral charge to which exceptions were reserved, when taken in connection with the entire charge, are without prejudicial error.

The several refused charges requested by defendant, where they state correct propositions of law, were amply covered by the court in his able charge to the jury.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.