(136 So. 815)

## LANDHAM v. LLOYD.
### 7 Div. 8.

Supreme Court of Alabama.
June 25, 1931.

Rehearing Denied Oct. 22, 1931.

488

S. W. Tate, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

### THOMAS, J.

The suit was for personal injury.

Demurrers were overruled to pleas 2, 3, and 4.

The ruling of the trial court as to plaintiff's demurrers to pleas 2 and 3 was not in accord with the authorities cited below. The general duty of due care under the circumstances was all the law required of plaintiff. The pleas sought to place on plaintiff a higher duty, or that of a special lookout for approaching cars. The pleas do not aver or show negligence at the time and place in question. This is the view of SAYRE, BOULDIN, BROWN, FOSTER, JJ., and the writer, ANDERSON, C. J. and GARDNER, J., hold the pleas were good. The authorities touching the subject are: Adler v. Martin, 179 Ala. 98, 59 So. 597; Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642; Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638; Huey v. Dykes, 203 Ala. 231, 82 So. 481; Cooper v. Auman, 219 Ala. 336, 122 So. 351; Shafer v. Myers, 215 Ala. 678, 112 So. 230; Ivy v. Marx, 205 Ala. 60, 87 So. 813; Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 So. 181; Dozier v. Woods, 190 Ala. 279, 67 So. 283. Plea 4 seems to have complied with the rule and was not subject to demurrer.

We do not deem it necessary to say more at this time than to dispose of some questions presented on introduction or exclusion of evidence.

The witness Boozer had testified that it was a custom to cross the street in question "anywhere they come to it," and that he was "entirely familiar with the (that) custom," and "most of us usually cross the street like he was crossing it." There was no error in testing his knowledge on cross-examination by the question, "Isn't it a fact that it is generally known that it is more dangerous to cross there than it is at the crossing places where the lights are?" The witness then proceeded to further state the facts as to plaintiff's crossing said street and the manner of defendant's approach to the point of collision.

Dr. Sellers, witness for plaintiff, had testified to examination and treatment of plaintiff for the injury in question, the location and nature thereof, and that he did not know how the accident occurred. He was then asked on cross-examination, "Would it have been possible for him to have walked into the side of an automobile and received that wound on the side, left side, of his head?" The plaintiff objected to this question, the court overruled the objection, and plaintiff then and there excepted. Witness answered: "It makes a difference, I don't think he could walk into an automobile and get that kind of a wound without it knocked him down." The location and nature of the wound were susceptible of description. The question called for a conclusion, opinion, or inference of fact which the jury was as capable of drawing as any other, and should have drawn from the facts detailed. McKee v. State, 82 Ala. 32. 2 So. 451; Dumas v. State, 159 Ala. 42, 49 So. 224, 133 Am. St. Rep. 17; Blackburn v. State, 22 Ala. App. 561, 117 So. 614.

The question to Dr. Culberson, "Now, isn't it also true with some people that with some sprains caused by a lick or an injury or a bruise that they never get well?" was improper as speculation. The witness, as a man of medical knowledge and experience, was, however, permitted to answer specifically as to plaintiff's injuries and the probability of their duration, or "that he may never recover fully from that injury." The question to plaintiff's own witness, "You did tell Mr. Landham when you examined him in July that it would give him trouble for life, that it would probably trouble him for life and give him a fifty per cent. disability?" was followed by the facts and the opinion entertained and given therefrom.

The question to Dr. Shuffield, who qualified as a practicing dentist, should have been answered as relevant, material, and competent. It was: "It is possible, for a blow—ain't it probable that a blow might cause the teeth to hurt and ache and have a peculiar sensation of numbness even before the teeth themselves die?" The defendant objected to this question, the court sustained the objection, and plaintiff then and there excepted. In this ruling there was error.

A witness, Green, for plaintiff, testified of the injuries; that he went to defendant's home; that the latter said he did not know how fast he was driving, that he "might have been making thirty or he might have been making forty, he didn't know." That witness was asked: "Did he say anything else about his being willing to pay Mr. Landham for his injuries?" The defendant objected to this question on the general grounds and on the ground that it is an offer of compromise. The court sustained the objection, and plaintiff then and there excepted, stating at the same time that plaintiff did not propose an offer of compromise. Thereupon plaintiff asked the witness this question: "What was defendant's condition at that time as to sobriety?" The defendant objected to this question, the court sustained the objection, and plaintiff then and there excepted. The wit-

490

ness should have answered as to the declaration against interest shortly after the collision, and not shown to have been made by way of compromise. The defendant's condition as to sobriety the night of and soon after the collision should have been given the jury; and in denying the answer on defendant's objection there was error.

■ Dr. Cleveland, witness for defendant, was allowed, over the objection of plaintiff, to answer the following question: "I will ask you, if in your opinion any of those wounds on his person could have been caused by the front of defendant's car striking him or the front of the fender hitting him?" To which witness answered: "Not with the man standing up; I certainly fail to see how the fender could have struck him any one of those places where his injuries were; the fender would probably have struck him above the knee. * * * The wound on his leg could not have been caused by the car striking him, unless he had it up in the air. If he was standing up it would not have done it. It could not have hit him on the ankle and could not have hit him on the head." Witness was asked further: "Could those wounds have been caused by his walking into defendant's car?" The plaintiff objected to this question on the ground that he would not know whether they could or not. The court overruled the objection, and plaintiff then and there excepted. Witness answered: "I don't see how it could."

He was an expert and had theretofore detailed the facts as to the nature, location, and character of the wounds.

The case will be retried, and it will therefore be unnecessary to consider other assignments of error.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

SAYRE, BOULDIN, BROWN, and FOSTER, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent as indicated.