71 So.2d 119

## BOYD v. STATE.

### 6 Div. 745.

Court of Appeals of Alabama.

Dec. 22, 1953.

Rehearing Denied Jan. 12, 1954.

Matt H. Murphy, Birmingham, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Birmingham, of counsel, for the State.

HARWOOD, Judge.

This appellant's trial under an indictment charging murder in the first degree resulted in a verdict and judgment of guilty of murder in the second degree.

The evidence presented by the State tends to show that the appellant and the deceased, after both had been drinking, had a difficulty in the home of the deceased.

The two parties lived next door to each other. The appellant's wife was called to the scene by the deceased's wife.

The appellant and his wife left the house of the deceased, and the appellant went into his home.

According to witnesses for the State the deceased, dressed only in his underwear, then picked up a telephone which was on an extension wire, carried the phone to his front porch, and was in the act of calling the police when the appellant returned, stood at the steps of the porch and fired three shots at the deceased. The deceased was mortally struck and fell onto a glider on the porch.

Under the defendant's own testimony he was unarmed at the time of the original difficulty. When he returned with the pistol he maintained that he went only to his property line; that the deceased at this time was on his porch with a "short" ax in his hand and approached the appellant, cursing, and with the ax raised. The appellant fired when the deceased was twenty feet away, but still on his porch.

■ Rulings by the court were invoked on very few occasions in the trial below, and the only points presented by the record pertain to the action of the trial court in sustaining the State's objections to questions propounded by the defense to defendant's witnesses seeking to elicit testimony concerning prior threats by the deceased towards the accused, prior difficulties between the deceased and the accused, and the deceased's reputation for peace and quietude.

In the absence of some evidence tending to show self-defense, none of such evidence was admissible. Sanders v. State, 242 Ala. 532, 535, 7 So.2d 483; McGuff v. State, 248 Ala. 259, 27 So.2d 241; Byrd v. State, 257 Ala. 100, 57 So.2d 388.

■ The appellant in this case, under his own testimony, is in no position to invoke the doctrine of self-defense.

In Watkins v. State, 89 Ala. 82, 8 So. 134, 135, we find the clearest statement of the principles applicable to this case. In the Watkins case the court, at the request of the State, gave the following charge:

"If the jury believe from the evidence, beyond a reasonable doubt, that James York rode up to defendant's gate, and pulled out his pistol, and pointed it at the defendant, saying, 'Damn you, I am going to kill you,' or words to that effect; and that the defendant was then in his yard, and unarmed; and that he then went into the house, and got his gun, and came back into the yard, and shot said York; then said defendant cannot invoke the doctrine of self-defense."

The defendant excepted to the giving of this charge.

In affirming the case, McClellan, J., as to the principle enunciated in the charge wrote:

"We do not question the soundness of this proposition. One assaulted in his house need not flee therefrom. But his house is his castle only for the purposes of defense. It cannot be turned into an arsenal for the purposes of offensive effort against the lives of others. It is a shelter, but not a sally-port. A man may stand his ground there, and kill all comers who are, without fault on his part, about to take his life, or to do him great bodily harm; but if he leaves its shelter to encounter a danger beyond its precincts, he is in no better attitude before the law than if he had, come from any other place, and voluntarily entered upon a combat, from the peril of which he was secure but for his own act. It is immaterial that after he has armed himself, and emerged from his house, he encounters a necessity to kill to save his own life. Such necessity is, in legal contemplation, of his own creation, and he cannot justify under a necessity which his own fault and wrong has contributed to produce. Storey v. State, 71 Ala. [229] 329; Brown v. State, [81] 83 Ala. 38 [33], 3 So. 857; Cleveland v. State, 86 Ala. 1, 5 So. 426; Parker v. State, 88 Ala. 4, 6, 7 So. 98; Lewis v. State, 88 Ala. 11, 6 So. 755; Kirby v. State, 89 Ala. [63, 8 So. 110]; Watson v. State, 82 Ala. 10, 2 So. 455;

Dolan v. State, 81 Ala. 11, 1 So. 707; State v. Harman, 78 N.C. 515."

The above doctrine fully supports the action of the trial court in its rulings in the instances above mentioned.

Affirmed.