78 So.2d 291

**Jimmie CRAWFORD**

v.

**STATE of Alabama.**

3 Div. 694.

Supreme Court of Alabama.

Oct. 7, 1954.

Rehearing Denied Feb. 24, 1955.

Philip Noland, Montgomery, for appellant.

1. Ante, p. 71.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Wm. F. Thetford, Circuit Sol., Montgomery, for the State.

**GOODWYN, Justice.**

Appellant was convicted of murder in the first degree and sentenced to death by electrocution. This appeal here is under the provisions of the automatic appeal statute, Act No. 249, appvd. June 24, 1943, Gen.Acts 1943, p. 217, Code 1940, Tit. 15, § 382(1) et seq., Pocket Part.

The indictment charges that appellant "unlawfully, and with malice aforethought, killed Richard Bibb, by shooting him with a pistol." Appellant pleaded "not guilty".

The evidence clearly shows that appellant shot deceased with a pistol, thereby causing his death. The theory of the defense was that appellant thought that deceased was preparing to inflict bodily harm on him and that the fatal shots were fired in self-defense.

Inasmuch as we have concluded that error was committed during the trial below which compels a reversal of this case, no useful purpose would be served in discussing the evidence in detail.

The last witness for the state, a state toxicologist, testified concerning his qualifications and experience in performing autopsies and conducting ballistic examinations, and also testified that he performed an autopsy on the body of Richard Bibb. After so testifying and giving his opinion, as we understand the evidence, that the fourth shot caused the death, he further testified, in the course of his direct examination, as follows:

"Q. Have you an opinion as to the position of Richard Bibb when the fourth shot was fired? A. I have.

"Q. In your opinion, what was his position when the fourth shot was fired? A. That he was on the ground."

The only defense interposed in justification of the shooting was that defendant thought the deceased was coming at him with "a stick, or gun, or something on him." The importance of. the evidence as to the position of deceased when the fatal shot was fired is apparent.

■ The courts of this state have long held that it is not competent for a witness, expert or non-expert, to draw conclusions for the jury, from examination of the body of deceased and wounds thereon, as to the relative positions of the parties when the fatal shot was fired. This rule has been established for the reason that, having been given the description and characteristics of the wounds, the jury is equally as competent as the witness to judge and decide the location and position of the participants. Edwardson v. State, 255 Ala. 246, 252, 51 So.2d 233 (state toxicologist qualified as expert); Roan v. State, 225 Ala. 428, 432, 143 So. 454 (medical expert); Richardson v. State, 204 Ala. 124, 129, 85 So. 789 (non-expert witness); Dumas v. State, 159 Ala. 42, 44, 49 So. 224, 133 Am.St.Rep. 17 (medical expert); Richardson v. State, Ala.App., 65 So.2d 715 (state toxicologist qualified as expert); Blackburn v. State, 22 Ala.App. 561, 117 So. 614 (undertaker qualified as expert as to pistol wounds); Smith v. State, 22 Ala.App. 36, 37, 111 So. 763 (medical doctor qualified as surgical expert); Gotcher v. State, 19 Ala.App. 269, 270, 97 So. 111 (medical expert); Clark v. State, 18 Ala.App. 209, 211, 91 So. 328 (medical expert); Noble v. State, 14 Ala.App. 9, 10, 70 So. 187 (medical expert); Rigell v. State, 8 Ala.App. 46, 55, 62 So. 977 (medical expert).

■ The testimony of the state toxicologist, above quoted, clearly falls within the rule against opinion evidence as to the relative position of the parties at the time the wound was inflicted. Authorities, supra.

For the errors pointed out, the judgment of conviction rendered against the appel-

lant is due to be, and is, reversed and the cause remanded.

On application for rehearing by the state, the original opinion is withdrawn and this opinion substituted. The application for rehearing is denied.

Reversed and remanded.

All the Justices concur.