89 So.2d 745

Joe SIDNEY, alias "Little Boy" Sidney,

v.

STATE of Alabama.

2 Div. 360.

Supreme Court of Alabama.

Oct. 4, 1956.

Thos. F. Seale, Jr., Livingston, for appellant.

**137**

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant, Joe Sidney, alias, was tried in the Circuit Court of Sumter County for the offense of murder in the first degree. Upon a plea of not guilty, trial was had and the jury returned a verdict of guilty and fixed punishment at death by electrocution. From that sentence this appeal has proceeded under the automatic appeal statute.

The appellant filed a motion for new trial in the court below and insists on this appeal that it was error for the court not to grant the motion. The motion was timely filed and duly set for hearing, but the record does not show that the motion was ever passed upon by the court. There having been no ruling on the motion, there is nothing before us to invite a review thereof. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633.

The appellant argues error in the admission over his objections of a line of questions designed to lay a predicate for the dying declaration of the deceased, "that he was shot without reason." Before this evidence was admitted, there was testimony that the deceased stated that he was going to die. This was a sufficient predicate for the introduction of that testimony. Hanye v. State, 211 Ala. 555, 101 So. 108; Ragland v. State, 238 Ala. 587, 192 So. 498; Smith v. State, 136 Ala. 1, 34 So. 168.

The dying declaration, "that he was shot without reason," even though a conclusion, has been held admissible in our courts. Autrey v. State, 190 Ala. 10, 67 So. 237; Jordan v. State, 82 Ala. 1, 2 So. 460; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412; Sullivan v. State, 102 Ala. 135, 15 So. 264.

Error is also argued for the court's sustaining the Solicitor's objections to appellant's questions as to whether the witness had heard that the deceased had shot anybody and whether the witness knew that the deceased carried a pistol. Before any evidence of this character is admissible as to the deceased, the accused must make out a prima facie case of self defense. There was no evidence of self defense, so other reasons aside, no error can be predicated on the stated ruling. Sanders v. State, 242 Ala. 532, 7 So.2d 4833; Rutledge v. State, 88 Ala. 85, 7 So. 335; Jones v. State, 37 Ala.App. 467, 70 So.2d 543; Boyd v. State, 37 Ala.App. 429, 71 So.2d 119, certiorari denied 260 Ala. 696, 71 So.2d 120.

It remains only to consider the written requested charges refused to the defendant. Charges 2, 8, 10 and 11 were abstract. There was no evidence that the deceased was a violent and dangerous man, and hence, instructions predicated on that theory were properly refused. Adler v. Miller, 218 Ala. 674, 120 So. 153; Sullivan v. State, 117 Ala. 214, 23 So. 678.

Charges 4 and 13 were affirmative in nature. A jury question was presented under the evidence requiring a refusal of these charges. Bankers' Mortgage Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Southern Building & Loan Association v. Bryant, 225 Ala. 527, 144 So. 367.

Charge No. 7, seeking to instruct the jury that if they had a reasonable doubt as to the defense offered by the accused, the accused should be acquitted, does not state the law. A reasonable doubt of the innocence of the defendant does not authorize an acquittal, and the stated charge is even more defective. Parker v. State, 153 Ala. 25, 45 So. 248.

Moreover, with a respect to the foregoing requested charges, the record discloses that the trial court fully instructed the jury on all phases of the law immanent in the trial of the case.

We find no error to reverse.

Affirmed.

All Justices concur.