121 So.2d 882

**Frank STRAUGHN, alias.**

v.

**STATE.**

**3 Div. 23.**

Court of Appeals of Alabama.

Oct. 21, 1958.

Rehearing Denied Jan. 6, 1959.

Affirmed on Mandate June 30, 1960.

Jones & Nix, Evergreen, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

PRICE, Judge.

The defendant was convicted in the court below of murder in the second degree and was sentenced to imprisonment in the penitentiary for ten years. He appeals from the judgment of conviction.

The testimony shows without conflict that the defendant, the deceased, one John Meeks and Mose Boykin were engaged in a game of dice at the home of John Meeks. A dispute arose between the defendant and the deceased over money taken by deceased, which the evidence tends to show belonged to defendant. After an argument between deceased and defendant, defendant and Mose Boykin went to Boykin's home and got his shotgun, and drove back towards Meeks' home, where they had left deceased. They met deceased walking along the road. Defendant testified he stopped the automobile and got out and while standing behind the open door asked deceased for his money; that deceased cursed and told him to "get it;" that deceased continued to come toward him at a fast gait with his hand in his pocket; that when deceased was only a short distance away he shot him.

Under his own testimony defendant was not entitled to offer evidence of former difficulties with deceased, nor to prove deceased's reputation for violence and turbulence. Sanders v. State, 242 Ala. 532, 7 So.2d 483; Byrd v. State, 257 Ala. 100, 57 So.2d 388; Boyd v. State, 37 Ala.App. 429, 71 So.2d 119, certiorari denied 260 Ala. 696, 71 So.2d 120.

This question was asked State's witness Brock on direct examination: "Q. Do you have an opinion as to how far off McKinley Davis was at the time this wound was inflicted on him, from the end of this gun barrel?" The defendant's objection was overruled. The witness answered: "A. I would say, at the least, 10 or 12 steps." Defendant moved to exclude the answer, on the same grounds, and the court overruled the motion.

We agree with counsel's contention that the court's ruling constituted reversible error.

The State insists the ruling was proper under the rule announced in Alexander v. State, 37 Ala.App. 533, 71 So.2d 520, 524, where the court said:

"The criterion for admission of expert testimony is that the witness, by study, practice, experience, or observation as to the particular subject should have acquired a knowledge beyond the ordinary witness. Scott v. State, 34 Ala.App. 18, 37 So.2d 670; Daniel v. State, 31 Ala.App. 376, 17 So.2d 542. The question of a witness' qualifications to testify as an expert is a matter largely within the discretion of the trial court, See 6 Ala.Dig., Criminal Law, ☞481 for innumerable authorities."

The witness, a deputy sheriff, had testified he had examined the body of deceased; that he was shot with a shotgun, according to the way the shot looked; that there "was some wadding in a hole one place and shots all over the body;" that he had examined the gun used to kill deceased; that he had had experience in firing test patterns with 12 gauge guns, 30 inch barrel with full choke barrel, of the type used here.

We pretermit decision as to the witness' qualification to testify as an expert.

"Our courts are committed to the rule that a witness, even though an expert, cannot give evidence of his opinion of the relative positions of the combatants when the shot was fired. This for the very good reason that, having been given the description and characteristics of the wounds, the jury is equally as competent as the witness to judge and decide the location and position of the parties participating in the affray. In short, such testimony would be invasive of the province of the jury. McKee v. State, 82 Ala. 32, 2 So. 451; Mathis v. State, 15 Ala.App. 245, 73 So. 122; Humber

v. State, 19 Ala.App. 451, 99 So. 68; Dumas v. State, 159 Ala. 42, 49 So. 224, 133 Am. St.Rep. 17; Blackburn v. State, 22 Ala. App. 561, 117 So. 614." Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692, 697, certiorari denied 250 Ala. 409, 34 So.2d 700. See also Roan v. State, 225 Ala. 428, 143 So. 454.

We are of opinion this rule was violated in this instance.

The judgment is reversed and the cause remanded.

Reversed and remanded.

Per Curiam: affirmed on authority of Straughn v. State, 3 Div. 860, 121 So.2d 883.