549 So.2d 110 (1989)
James HOLLINGSWORTH, alias
v.
STATE.
6 Div. 317.
Court of Criminal Appeals of Alabama.
February 18, 1988.
On Return to Remand May 26, 1989.
Rehearing Denied June 30, 1989.
Certiorari Denied September 22, 1989.
Michael D. Blalock, Birmingham, for appellant.
Don Siegelman, Atty. Gen., and J. Randall McNeill, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-1327.
TAYLOR, Judge.
One of the issues raised by appellant is whether the prosecutor's use of his peremptory challenges violated the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Our own Supreme Court has recently released an opinion in the case ofEx parte Branch, 526 So.2d 609 (Ala. 1987) (modified on rehearing, December 4, 1987). The Alabama Supreme Court's decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Batson, supra, and its own ruling in Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Branch, our Supreme Court set out some general guidelines to be followed by the lower courts of this State in the implementation of the mandates in Batson and Jackson. The Supreme Court then remanded Branch to this court with instructions for us to remand the case to the trial court, which we did, Branch v. State, 526 So.2d 634 (Ala.Cr.App.1988), so as to allow the trial judge to again review the proceedings *111 conducted before him, using the guidelines set out in its opinion.
We read the opinion in Branch to require that the guidelines set out in that decision be applied in all cases containing a Batson issue. Further, this court is bound by law to follow the decisions of our Supreme Court. Section 12-3-16, Code of Alabama 1975. Accordingly, it is incumbent upon us to remand this case to the Circuit Court of Jefferson County, with directions to review again the proceedings conducted before it, using the guidelines adopted by our Supreme Court; the circuit court is directed to file with this court within a reasonable time its findings and conclusions.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Presiding Judge.
On remand the Circuit Court for Jefferson County conducted a hearing in accordance with our order. The court found race-neutral and nondiscriminatory reasons for the strikes of black venire persons. We are satisfied that the court's findings are correct and that no violation of the principles of Ex parte Branch, 526 So.2d 609 (Ala. 1987); and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), occurred.
Appellant also assigns as error the testimony of the state pathologist as to the possible positions of the victim's neck and its effect on the angle of the wound. He cites the evidentiary principle that in murder prosecutions witnesses are not permitted to speculate on the relative position of the killer and his victim based merely upon examining the wounds. See Crawford v. State, 262 Ala. 191, 78 So.2d 291 (1955).
In this case, however, the appellant's counsel raised the issue when cross-examining Dr. Brissie. The state may examine a witness on redirect as to matters injected into a case on cross-examination by the defense. Austin v. State, 434 So.2d 289 (Ala.Cr.App.1983); McBryar v. State, 368 So.2d 568 (Ala.Cr.App.), cert. denied, 368 So.2d 575 (Ala. 1979); Chatom v. State, 360 So.2d 1068 (Ala.Cr.App.), writ denied, 360 So.2d 1074 (Ala.1978). In essence, defense counsel made much of the possible downward angle of the gunshot, suggesting that the shooter was taller than the victim. On redirect, the state made the point that if the victim were on his knees, the angle would not be inconsistent with the appellant's being the assailant. No error occurred here.
Accordingly, this conviction is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.